Filed 9/30/14  P. v. Thomas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VAIL BARADOIS THOMAS,<br><br>    Defendant and Appellant. | C076801<br><br>(Super. Ct. No. 10F05947) |

Appointed counsel for defendant Vail Baradois Thomas has asked us to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no arguable error that would result in a disposition more favorable to defendant.  We shall affirm the judgment.

1

## BACKGROUND

A felony complaint charged defendant with discharging a firearm at an inhabited dwelling (count 1; Pen. Code, § 246);[1] first degree residential burglary (count 2; § 459); assault with a firearm upon Donell T. (count 3; § 245, subd. (a)(2)); and misdemeanor unlawful possession of a firearm (count 4; § 12021, subd. (g)(2)).  As to count 2, the complaint alleged defendant personally and intentionally discharged a firearm, proximately causing great bodily injury or death to Arianna D.  (§ 12022.53, subds. (b)-(d).)  As to count 3, the complaint alleged defendant personally used a firearm. (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1).)

Defendant pled no contest to count 3 and admitted the section 12022.5, subdivision (a)(1) enhancement on that count, in return for a stipulated state prison term of 12 years (the low term of two years for the assault count, plus the upper term of 10 years, consecutive, for the enhancement), and the dismissal of the remaining counts and enhancements at sentencing.  He waived preparation of a probation report.

The People proffered that on or about September 12, 2010, in Sacramento County, the defendant and the victim argued and then physically fought.  After the victim left to go to another apartment in the same apartment complex, defendant came to the victim's location, broke out a window with a hammer, and entered the apartment.  Defendant then shot the victim in the arm with a gun.

At sentencing, the trial court imposed the agreed-upon sentence of 12 years in prison.  The court awarded defendant 230 days of presentence custody credit (200 actual and 30 conduct days), and imposed a $200 restitution fine (§ 1202.4, subd. (b)), a $200 suspended parole revocation restitution fine (§ 1202.45), a $40 court operations

---

[1]  Further undesignated statutory references are to the Penal Code.

assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). The court ordered victim restitution in an amount to be determined.

Defendant appealed; the trial court denied his request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) We have done so, and see none.

Defendant timely filed a supplemental brief that recites a series of "issues that should have been raised on [his] behalf." All of these "issues" appear to concern alleged deficiencies in the evidence supporting the crime of conviction and possibly the corresponding enhancement. Because defendant pled no contest to the assault and admitted the firearm enhancement which he now disputes, *and* because he did not obtain a certificate of probable cause, he is precluded from challenging the evidence that supports the factual basis for his plea and admission. (*People v. Palmer* (2013) 58 Cal. 4th 110, 114 ["Under section 1237.5, a defendant may appeal from a conviction on a plea of guilty or no contest only on grounds going to the legality of the proceedings; such a plea precludes appellate consideration of issues related to guilt or innocence, including the sufficiency of the evidence to support the conviction"].)

We note that the trial court's oral order of restitution to the victim in an amount to be determined does not appear in the abstract of judgment. We will direct the addition of the restitution order to the abstract.

3

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to reflect its restitution order and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.


                                                  DUARTE            , J.


We concur:


         ROBIE            , Acting P. J.


         MURRAY            , J.

4