Filed 11/25/14  P. v. Rodriguez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUILLERMO RODRIGUEZ,<br><br>    Defendant and Appellant. | B254064<br><br>(Los Angeles County<br>Super. Ct. No. KA103584) |
| In re<br><br>    GUILLERMO RODRIGUEZ<br><br>        on Habeas Corpus. | B257120<br><br>(Los Angeles County<br>Super. Ct. No. KA103584) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wade Olson, Commissioner.  Affirmed.

ORIGINAL PROCEEDING; petition for writ of habeas corpus, Wade Olson, Commissioner.  Petition denied.

Guillermo Rodriguez, in pro. per.; Sylvia Ronnau, under appointment by the Court of Appeal, for Defendant, Appellant and Petitioner.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Mark E. Weber, Deputy Attorney General, for Respondent.

_____

## SUMMARY

An information filed November 27, 2013 alleged that on October 29, 2013, defendant and petitioner Guillermo Rodriguez committed second degree burglary of an automobile in violation of Penal Code section 459, a felony.[1]  The information further alleged that defendant had been convicted of two strike offenses, carjacking and robbery, and that defendant had served three separate prison terms for carjacking, robbery, and possession and sale of a controlled substance.  (§§ 211, 215; Health & Saf. Code, §§ 11378, 11377, subd. (a).)

## FACTUAL BACKGROUND

On October 29, 2013, two Baldwin Park police officers were in their patrol car driving southbound on Vineland Avenue when they observed defendant riding his bicycle on the sidewalk traveling northbound.  Defendant had no bicycle lights.[2]  The officers observed defendant had a flashlight in one of his hands.  The officers conducted a stop and asked defendant to sit on the sidewalk.  A warrant check on defendant did not reveal any outstanding warrants.  With defendant's consent, the officers searched his backpack.  Inside, they found a car stereo, a chisel, a surveillance camera, and a check made out to a third party.  There were shards of glass inside the backpack.  Defendant said he had bought the stereo from his cousin.

A man and a woman walked up to the officers while they were searching the backpack and stated that their vehicle had just been burglarized.  The man identified the

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant was in violation of Vehicle Code section 21650.1, which requires a bicycle to be operated "in the same direction as vehicles are required to be driven upon the roadway" as well as Vehicle Code section 21201, requiring bicycle lights at night.

car stereo found in defendant's backpack as the one missing from his car. One of the officers drove to the location of the man's vehicle (approximately one block south). The passenger side window of the car was smashed and the car stereo was missing. The stereo recovered from defendant's backpack fit perfectly into the space for a stereo in the victim's car.

A witness living on Vineland Avenue near the theft looked out his window when he heard a car window break. He saw a man reach inside the car, pull out a radio, and leave on a bicycle. The witness called the police, and as he did so, saw one of the officers pull up. The witness identified defendant from a photograph police showed him, but was given no admonishments before viewing the photograph.

The total time of the stop was 10 to 20 minutes.

## PROCEDURAL HISTORY

During the preliminary hearing, defendant moved to suppress evidence, challenging the length of the detention and arguing the evidence was insufficient. (§ 1538.5) The court denied the motion, finding reasonable suspicion to stop defendant based upon his conduct in riding his bicycle against traffic without a light and sufficient evidence to hold defendant to answer.

Defendant waived his constitutional rights and pleaded guilty to the burglary charge. The court sentenced him to two years eight months, with 98 days custody credits (49 actual days and 49 conduct credits). The court ordered defendant to pay $280 in restitution and a $280 parole revocation fine.

We appointed counsel to represent defendant on appeal. After examination of the record, defendant's counsel filed an opening brief raising no issues, and asking this court independently to review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. On July 14, 2014, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider. On July 30, 2014, defendant filed a supplemental brief in which he argued that counsel was deficient in failing raise any issues on appeal based on his detention. Defendant has moved that

3

appellate counsel be dismissed, and attaches counsel's May 1, 2014 letter to defendant in which she explains to him her reasons for finding no issues to be raised on appeal.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we find that defendant's supplemental brief raises no arguable issues. We find no merit to the claim that defendant's appellate counsel should have raised a Fourth Amendment issue or argued that the warrantless search and arrest of defendant was unlawful. For an ineffective assistance of counsel claim to be sustained, the defendant must show that counsel's performance fell below an objective level of reasonableness and defendant was prejudiced by counsel's failings. (*People v. Williams* (1997) 16 Cal.4th 153, 214–215.) Defendant must also demonstrate from the record "'the lack of a rational tactical purpose for the challenged act or omission.'" (*Id*. at p. 215.) Our *Wende* review of the record as well as appellate counsel's letter to defendant reveals nothing to suggest any failure by counsel to raise colorable issues, nor can defendant show how he was prejudiced by counsel's filing of the *Wende* brief. Defendant's motion to dismiss counsel is denied.

## HABEAS PETITION

In his habeas petition, defendant contends that (1) although he concedes his operation of a bicycle with no light was grounds for police to stop him, he contends the subsequent search of his backpack was unlawful because it lacked probable cause (defendant had no outstanding warrants) and hence the evidence obtained therefrom was illegal; (2) the two police officers gave inconsistent testimony regarding the time at which defendant was stopped, the witness who saw defendant remove the stereo could not have actually seen defendant, who was being detained at the time, and the officers failed to follow proper procedure for a photo identification; and (3) trial counsel was ineffective for failing to raise the officers' inconsistent testimony, and appellate counsel was ineffective for failing to raise the illegality of defendant's search.

A petition for a writ of habeas corpus is a collateral attack on a presumptively correct final judgment; thus, the petitioner "bears a heavy burden" to plead sufficient grounds for relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) "'Conclusory

4

allegations made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing.'" (*Ibid*.)  A petition will be summarily denied if it does not state a prima facie case for relief; an order to show cause will issue only if the allegations, if true, would entitle the petitioner to relief.  (*Id*. at p. 475.)

Here, the allegations in the habeas corpus petition do not state a prima facie case for relief.  First, defendant consented to the search and thus he had no Fourth Amendment argument.  (*People v. Valencia* (2011) 201 Cal.App.4th 922, 928.)  Second, the minor inconsistencies in the officers' testimony or any perceived inconsistency in the witness's testimony about the time he informed police of the break-in do not undermine the factual bases supporting defendant's guilty plea and counsel was thus not ineffective for failing to raise such claims.  (See *People v. Palmer* (2013) 58 Cal.4th 110, 119 [sufficient factual basis for guilty plea].)  Finally, as discussed above, appellate counsel was not deficient for failing to raise meritless arguments.

The allegations in defendant's habeas petition do not state a prima facie claim for relief, and we summarily deny the petition.

**DISPOSITION**

Defendant's request for dismissal of appointed appellate counsel is denied. The judgment is affirmed. The petition for writ of habeas corpus is denied.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


        CHANEY, Acting P. J.


        MILLER, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.