Filed 1/6/16  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064117 |
| v. | (Super.Ct.No. FSB1404618) |
| RAYMOND THOMAS GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Raymond Garcia received a sentence of two years and eight months after pleading guilty to being a felon in possession of ammunition and admitting a strike prior.  After defendant filed the notice of appeal, this court appointed appellate counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979)

1

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying potentially arguable issues.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done. In his brief, defendant contends his confession was illegally obtained for several reasons and the ammunition is inadmissible because the search was improper. We affirm.

### FACTS AND PROCEDURE

On September 29, 2014, police were dispatched to investigate a report of a Hispanic male with a shotgun. The reporting party stated she had seen the male earlier in the afternoon holding a shotgun before entering the garage of a single-story duplex in her neighborhood. The reporting party stated she called 911 later in the evening when she saw the same male and a few others beating and kicking someone. The Hispanic male was again holding a shotgun and entered the home in what the reporting party believed was an attempt to hide the shotgun. Responding officers found the victim of the beating walking away from the area, covered in blood. The victim was taken to the hospital for treatment of "numerous" injuries.

Officers cleared the residents of the surrounding homes for their safety. They knocked on the door of the home where defendant was seen with the shotgun. A woman and her three children answered the door. Officers asked her if there was anyone else inside, and she answered that there were two men and two women. The officers asked the women and her children to step outside while they called for everyone inside the home to come outside. A man and woman did so. Officers then went inside to clear the

2

home and found defendant and a woman in a back bedroom. The officers detained both persons and took them to the front yard. The officers obtained written consent to search the home from the woman who owned the home. They found four shotgun shells in the cabinets above the refrigerator, but did not find a shotgun. Defendant told the police that "they normally keep a shotgun" in the same cabinets where the shotgun shells were found, but the police found no shotgun upon a further search. Police found that defendant had a no-bail warrant for his arrest and a prior felony conviction, so they arrested him.

On January 27, 2015, the People filed an information charging defendant with being a felon in possession of ammunition (Pen. Code, § 30305, subd. (a)(1)).[1] The People also alleged defendant had a prior strike conviction (§§ 1170.12, subds. (a)-(d), & 667, subds. (b)-(i)), a prior serious felony conviction (§667, subd. (a)(1)), and four prior prison convictions (§ 667.5, subd. (b)).

On May 1, 2015, defendant admitted to being a felon in possession of ammunition and one of the prior strike convictions. In doing so, defendant initialed the box on the change of plea form stating "I waive and give up any right to appeal from any motion I may have brought or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain." The court immediately sentenced defendant as agreed to the low term of 16 months, doubled for the prior strike conviction to 32 months.

---

[1] Section references are to the Penal Code unless otherwise indicated.

This appeal followed. The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

In his supplemental brief, defendant states that he had stopped by the residence of his sister's friend to use the bathroom while on his way home from the hospital, where he had been treated for the flu. Defendant states he was attached to an intra-venous bag of antibiotics and was in the bathroom when police came to the residence and removed him from the home without any clothing on. It appears from context that defendant's references in his supplemental brief to his "confession" are to the statement he made to police while outside the home that they would find a shotgun above the refrigerator.

Defendant first contends the police failed to obtain his consent before searching the home. However, police obtained the written consent of the homeowner, and defendant says he did not live in the home, so defendant's consent was not necessary. (*People v. Panah* (2005) 35 Cal.4th 395, 466.)

Defendant argues that his confession was not voluntary because: (1) it was obtained through abuse and harassment; (2) he lacked the capacity to voluntarily confess because he had just recently been released from the hospital and was under the influence of morphine; and (3) the interrogation was prolonged and excessive, especially given his ill health. The California Supreme Court has held that a defendant's guilty plea forecloses an appeal of the conviction on the basis that a statement was involuntary. "Given the accused's guilty plea, an extrajudicial statement relating to his guilt of a charged crime does not, by reason of a claim that it was involuntarily or improperly

4

induced, raise an issue on appeal based on 'constitutional, jurisdictional or other grounds going to the legality of the proceedings' resulting in the plea." (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896.) Defendant's claim of an involuntary statement is therefore not reviewable on appeal.

Defendant argues that the ammunition was found outside of his arms' reach and during a warrantless entry into the home, and so it should have been excluded and there was insufficient evidence to show the ammunition belonged to him. An argument that the conviction was not supported by sufficient evidence is not cognizable on appeal after a guilty plea, with or without a certificate of probable cause. (§ 1237.5; *People v. Palmer* (2013) 58 Cal.4th 110, 114) As explained above, the warrantless search was legal because it was conducted with the homeowner's written consent.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ          

P. J.

We concur:

McKINSTER       

            J.

CODRINGTON      

            J.