Filed 12/5/13

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE, )
)
      Plaintiff and Respondent, )
)        S204409
      v. )
)     Ct.App. 6 H036979
DAVID EDWARD PALMER, )
)     Santa Clara County
      Defendant and Appellant. )   Super. Ct. No. C109540
_____ )

When a trial court takes a conditional plea of guilty or nolo contendere (hereafter no contest) to an accusatory pleading charging a felony, under Penal Code section 1192.5[1] it must "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." " 'The purpose of the requirement,' " we have said, " 'is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged.' " (*People v. French* (2008) 43 Cal.4th 36, 50.) In *People v. Holmes* (2004) 32 Cal.4th 432 (*Holmes*), we held the trial court can satisfy this requirement by inquiring of defense counsel regarding the factual basis of the plea, in which case, we said, "it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand

---

[1] Unless otherwise specified, further statutory references are to the Penal Code.

jury transcript, or written plea agreement." (*Id.* at p. 436, citing *People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1576-1579.) We did not need to address in *Holmes*, and expressly left open, the question whether section 1192.5 is satisfied when counsel stipulates to a factual basis for the plea without referring to a particular document that provides an adequate factual basis. (*Holmes*, *supra*, at p. 441, fn. 8.)

In the present case, a felony complaint charged defendant David Edward Palmer with violating Health and Safety Code section 11378 by possessing 3, 4-methylenedioxymethamphetamine (MDMA) for sale (count 1) and Health and Safety Code section 11359 by possessing marijuana for sale (count 2). Pursuant to a negotiated disposition, defendant entered a plea of no contest to count 1 in exchange for a grant of probation and the dismissal of count 2. As part of the plea proceeding, defendant waived both a preliminary hearing and a probation report. The prosecutor conducted a voir dire of defendant, eliciting that in entering his plea he was not under the influence of any drug, medication or alcohol that was affecting his decisionmaking, that apart from the negotiated disposition of the case no promises or threats had been made to him, that he had discussed the elements of the crime and any defenses with his counsel and was satisfied with her advice, and that he was entering his plea knowingly and voluntarily. Defense counsel then stipulated to the existence of a factual basis for defendant's plea without referring to any document to support the stipulation. The trial court suspended imposition of sentence and granted defendant three years' probation on the condition he serve 270 days in county jail.

After obtaining a certificate of probable cause (see § 1237.5, subd. (b)), defendant appealed on the ground that his counsel's stipulation failed to satisfy the requirements of section 1192.5. The Court of Appeal affirmed, reasoning that, because the trial court had found defendant's stipulations and responses to the prosecutor's voir dire to be knowing and voluntary, counsel's stipulation to a factual basis for the plea " 'must be regarded as an admission by defendant,' " as it

2

was made in open court " 'in defendant's presence with defendant's apparent assent.' " (Quoting *People v. Voit* (2011) 200 Cal.App.4th 1353, 1371, fn. 14 (*Voit*).) Therefore, the Court of Appeal reasoned, "defendant's contention that the factual basis inquiry was not sufficient is 'essentially a challenge not to the trial court's process but to its ultimate conclusion that there was a factual basis for the plea.' " (Quoting *Voit,* at p. 1370.) The court found no abuse of discretion in the trial court's acceptance of the plea, citing *People v. Marlin* (2004) 124 Cal.App.4th 559, 572 [abuse of discretion standard applies to a challenge to a guilty plea].)

We granted defendant's petition for review to determine whether a claim the trial court failed to establish a factual basis for the plea under section 1192.5 is cognizable on appeal when defense counsel stipulated to a factual basis and, if so, to answer the question left open in *Holmes, supra,* 32 Cal.4th 432: whether counsel's bare stipulation, without reference to any document describing the underlying facts, sufficiently establishes a factual basis for the plea. We conclude such claims are cognizable on appeal, and a bare stipulation without reference to any document describing the facts may, in an appropriate case, satisfy the requirements of section 1192.5. Here, where defendant acknowledged in the plea colloquy that he had discussed the elements of the crime and any defenses with his counsel and was satisfied with her advice, the trial court did not abuse its discretion in finding a factual basis for defendant's no contest plea based on counsel's stipulation. We therefore affirm the judgment of the Court of Appeal.

## ANALYSIS

Under section 1237.5, a defendant may appeal from a conviction on a plea of guilty or no contest only on grounds going to the legality of the proceedings; such a plea precludes appellate consideration of issues related to guilt or innocence, including the sufficiency of the evidence to support the conviction. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896; *People v. Ward* (1967) 66 Cal.2d 571, 575; *People v. Gonzalez* (1993) 13 Cal.App.4th 707, 713-714.)

3

Defendant contends his challenge to the trial court's finding of a factual basis for his no contest plea is one going to the legality of the proceedings and hence cognizable on appeal.

Defendant relies on *People v. Marlin*, *supra*, 124 Cal.App.4th 559, 571 (*Marlin*), where the court reasoned: "Even though a defendant may in fact be guilty of the offense to which he pleads guilty, given the policy considerations underlying the intent behind section 1192.5, an adequate inquiry into the factual basis for the plea addresses broader issues such as the voluntariness of the plea and a knowing decision to plead guilty. A sufficient factual inquiry must be considered a necessary component of the legality of the proceedings. To decide otherwise would preclude review of the factual basis for a plea of guilty or no contest thereby frustrating the policies the statute is intended to advance."

The Court of Appeal in *Voit, supra,* 200 Cal.App.4th 1353, on which the People rely, disagreed with *Marlin*, reasoning that when a trial court makes an on-the-record inquiry regarding the factual basis for a plea, an appellate claim that the inquiry was insufficient "is often, as it was in *Marlin*, essentially a challenge not to the trial court's process but to its ultimate conclusion that there was a factual basis for the plea. In such a case, the defendant's position is concerned with the sufficiency of the evidence of his or her guilt. A defendant who belatedly disputes the existence of evidence of his or her guilt is making a substantive, not a procedural, claim." (*Voit*, *supra*, at p. 1370.) The Court of Appeal in this case followed *Voit*, finding defendant's claim to be essentially a challenge to the trial court's ultimate conclusion that a factual basis for the plea existed.

We need not decide whether *Marlin* or *Voit* states the better view because both differ from the present case in a significant respect. In each of those cases the defendant stipulated that a specific document—the preliminary hearing transcript—furnished a factual basis for his plea, whereas here the factual basis stipulation referred to no such document or indeed any particular facts at all. As framed, defendant's section 1192.5 claim addresses not the evidentiary sufficiency

4

of the prosecution's case—the substance of which cannot be ascertained on the record before us—but rather the procedures by which the court ensured that defendant knowingly and voluntarily pleaded no contest only to charges corresponding in seriousness to the acts he committed. Put another way, his claim challenges the superior court's procedure in soliciting facts, not its discretionary evaluation of the facts. Hence, contrary to the Court of Appeal's reasoning, defendant's appellate challenge to the factual basis inquiry is not reducible to a mere attack on the ultimate conclusion a factual basis existed. In these circumstances, the claim the trial court failed to establish a factual basis for defendant's plea under section 1192.5 is cognizable on appeal notwithstanding defense counsel's stipulation to a factual basis.

We turn to the merits of the factual basis question. Because the record is devoid of any facts concerning the offense,[2] defendant will prevail unless his conduct below bars him from arguing here the inadequacy of the factual basis of his plea, or unless counsel's stipulation itself satisfies section 1192.5's requirement. The People contend both that principles of waiver and estoppel should preclude defendant from challenging on appeal the factual basis of his plea, and that the stipulation satisfies section 1192.5's policy goals and constitutes a binding resolution of the evidentiary inquiry the statute requires.

As the People point out, defendant waived a preliminary hearing and probation report, and he acknowledged having discussed the charge and defenses with his counsel as well as his satisfaction with the advice he received. Defendant did not assert below that the procedure the trial court followed failed to satisfy section 1192.5, and he made no claim that the court or counsel should have identified a document or documents supporting the factual basis of the plea. These

_____

**2** Although the felony complaint in this case recites that "attached and incorporated by reference are official reports and documents of a law enforcement agency which the complainant believes establish probable cause for the pretrial restraint of [defendant] for the above-listed crimes," the superior court clerk was unable to locate any attachments to the complaint after a diligent search.

5

actions, the People contend, forfeited the claim of an inadequate factual basis for appellate purposes. In support, they cite *People v. Vera* (1997) 15 Cal.4th 269, 276, where we said, "It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided," and our statement in *People v. Scott* (1994) 9 Cal.4th 331, 351, that "[i]n such cases, lack of a timely and meaningful objection forfeits or waives the claim." Waiver and forfeiture principles are appropriately applied to most kinds of trial error, including those at issue in *Vera* and *Scott*. But their application in the present context would be inappropriate, given the prophylactic purpose behind the factual basis requirement, a purpose analogous to that behind the prophylactic advisements of applicable federal constitutional rights given a defendant before his or her guilty plea is taken, which "helps ensure that the 'constitutional standards of voluntariness and intelligence are met.' " (*Holmes*, *supra*, 32 Cal.4th at p. 438, quoting *People v. Hoffard* (1995) 10 Cal.4th 1170, 1182, fn. 11; cf. *Boykin v. Alabama* (1969) 395 U.S. 238, 243 ["We cannot presume a waiver of these three important federal rights [against compulsory self-incrimination, to trial by jury, and to confront one's accusers,] from a silent record."].)

Against this conclusion, the People contend the defense agreed, through its stipulation, that the court satisfied its statutory obligation to make an inquiry into a factual basis, and this agreement necessarily waived the claim that there was an insufficient factual basis for the plea or that the stipulation, made after defendant accepted a plea bargain on the advice of his counsel, failed to fulfill the purpose of section 1192.5's requirement of a factual basis inquiry. But nothing on the face of the stipulation in this case suggests defendant was specifically agreeing that the trial court had satisfied its statutory obligation. Nor does *People v. Watts* (1977) 67 Cal.App.3d 173, 179 (*Watts*), support the People's argument. In that case the trial court made no inquiry or findings regarding a factual basis for the plea, and the Court of Appeal found the defense counsel's statement that he had discussed

6

the elements of the charges, possible defenses, and potential punishment with the defendant to be insufficient to satisfy section 1192.5. (*Watts, supra,* at pp. 180-181.) To find the error harmless, the Court of Appeal looked instead to the grand jury transcript to find a factual basis for the plea. (*Id.* at pp. 181-182.)

Even if defendant did not waive or forfeit his present claim by failing to raise it below, the People contend, under the doctrine of judicial estoppel he may not contradict the stipulation counsel made on his behalf when his plea was taken. We explained in *People v. Castillo* (2010) 49 Cal.4th 145 that " ' " '[j]udicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.] The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies. [Citation.] Application of the doctrine is discretionary.' " [Citation.] The doctrine applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." ' " (*Id.* at p. 155, italics omitted.) But, as defendant contends, it appears the doctrine is inapplicable to him because he is not seeking to gain an advantage by reneging on a promise relating to the plea bargain, but merely seeks to remedy a defect in the plea procedure. (See *People v. Couch* (1996) 48 Cal.App.4th 1053, 1057-1058.)

We therefore conclude that appellate review of defendant's section 1192.5 claim is not procedurally barred, and turn to the effect of the stipulation in this case.

The People argue that a stipulation to a factual basis for a plea is akin to an evidentiary stipulation, the making of which is a tactical decision entrusted to trial counsel, and which is conclusive without reference to additional evidentiary support. (*People v. Adams* (1993) 6 Cal.4th 570, 578; *Palmer v. City of Long*

7

*Beach* (1948) 33 Cal.2d 134, 141-142.) In arguing the stipulation here satisfied the requirements of section 1192.5, the People cite *People v. McGuire* (1991) 1 Cal.App.4th 281. A majority in that case concluded that the defense counsel's stipulation to a factual basis for the defendant's guilty plea, without reference to a specific document evidencing a factual basis, satisfied the statute. The *McGuire* majority relied on language in *Watts, supra,* 67 Cal.App.3d at page 180, to the effect that, in making the factual basis determination, a trial court may " 'satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor . . . .' " (*McGuire*, *supra*, at p. 283.) Defendant, for his part, points to the dissenting opinion in *McGuire*, which argued that the general agreement between the prosecutor and defense counsel that a factual basis for the plea existed was "no more helpful in establishing a factual basis than were the statements which were rejected in *Watts* and [*People v.*] *Tigner* as being statutorily inadequate. Such a stipulation reveals no more of a factual basis supporting the plea than the plea itself." (*McGuire* at p. 286, citing *People v. Tigner* (1982) 133 Cal.App.3d 430, 433 [trial court made no inquiry of defendant, his counsel, or the prosecutor, and merely stated on the record, " 'There's a factual basis for the plea' "]; see *People v. Willard* (2007) 154 Cal.App.4th 1329, 1334-1335 [adopting the reasoning of the *McGuire* dissent to hold a bare stipulation inadequate to establish a factual basis for the defendant's guilty plea].)

The People's argument is persuasive. Section 1192.5 requires the trial court to make *an inquiry* to satisfy itself that there is a factual basis for a conditional plea of guilty or no contest. The purpose of the factual basis requirement is to help ensure that the constitutional standards of voluntariness and intelligence are met. (*Holmes*, *supra*, 32 Cal.4th at pp. 438-439.) In *Holmes* we observed that, although the statute requires the " 'inquiry to be made of defendant' (§ 1192.5)," a "stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute. While defendant may not be in a position to recognize whether his acts do or do not ' "constitute the offense with which he is

charged" ' [citation], defense counsel is well suited to make such a determination."
(*Holmes, supra,* at p. 440, fn. 5.) We said the "better approach" in this circumstance is for counsel's stipulation to include reference to a particular document that provides an adequate factual basis, but we did not hold such reference is required. (*Id*. at p. 441, fn. 8.) We now make clear that, while inclusion of such reference in the stipulation is desirable as a means of eliminating any uncertainty regarding the existence of a factual basis, the trial court may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record where, as here, the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice.

This rule is consistent with defense counsel's broad authority to stipulate to factual and procedural matters on his client's behalf. Even at trial, counsel may stipulate to the existence or nonexistence of essential facts. (See *People v. Adams*, *supra*, 6 Cal.4th at pp. 574, 577-583.) Counsel may also stipulate to the admissibility of evidence or to narrow the range of litigable issues. (*County of Sacramento v. Workers' Comp. Appeals Bd.* (2000) 77 Cal.App.4th 1114, 1118-1119; *Leonard v. City of Los Angeles* (1973) 31 Cal.App.3d 473, 476; *People v. Torres* (1962) 201 Cal.App.2d 290, 295.) Stipulations obviate the need for proof and are independently sufficient to resolve the matter at issue in the stipulation. (*County of Sacramento, supra*, at pp. 1118-1119.)[3]

"[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea. The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion." (*Holmes, supra,* 32

---

[3]     One notable exception is that " 'subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel.' " (*In re Stier* (2007) 152 Cal.App.4th 63, 76.) That exception does not apply here.

9

Cal.4th at p. 443.) We see several reasons to accord trial courts flexibility in establishing a factual basis for the plea, without undermining the primary goal of assuring that the defendant entered the plea voluntarily and intelligently. A defendant may be factually guilty but still hesitate to stipulate to the truth of an entire document like a police report that contains details he or she either disputes or simply does not want to admit. If there is no stipulated sentence, counsel may fear the police reports will demonstrate the existence of aggravating factors that could cause the court to impose a higher sentence, or to reject the plea bargain altogether. In sensitive cases involving intrafamilial violence and abuse, a defendant may wish to avoid having confidential information about the victim become part of the public record in the case. Although, as defendant notes, a factual basis does not require recitation of detailed and damaging facts concerning the crime, and counsel may place on the record only facts that support a prima facie case (see *id.* at p. 441), a rule limiting trial courts' discretion to accept conditional pleas predicated on stipulations by counsel would raise potential concerns for the defense function. In particular, defense counsel may advise acceptance of a plea agreement based in part on admissions the client has made or on other defense investigation, and may rely on such admissions or investigation in stipulating to the factual basis for a plea. We will not read into section 1192.5 a requirement that counsel explicitly refer to those privileged sources as the basis for the stipulation.

Here, defense counsel and the prosecutor, both officers of the court, stipulated to a factual basis for defendant's plea. Defendant affirmed during voir dire that he had discussed the elements of the crime with his counsel, and that he was satisfied with counsel's advice. At no time did he protest his factual innocence. On this record, the stipulation satisfied the requirements of section 1192.5, and the trial court acted within its discretion in accepting defendant's plea.

10

## CONCLUSION

The judgment of the Court of Appeal is affirmed.

**WERDEGAR, J.**


**WE CONCUR:**


**CANTIL-SAKAUYE, C. J.**
**BAXTER, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**

**CONCURRING AND DISSENTING OPINION BY KENNARD, J.**


Before accepting a defendant's plea of guilty or no contest to a felony charge, a trial court must ascertain that there is a factual basis for the plea. (Pen. Code, § 1192.5.) That requirement, defendant here asserts, was not met and therefore his conviction should be reversed and the case remanded to the trial court to decide whether a factual basis exists for the plea.

I concur in the majority's holding that defendant's claim is cognizable on appeal and not procedurally barred. I dissent, however, from the majority's conclusion that a trial court can, as here, simply rely on a defense counsel's assurance of a factual basis for the plea, even though counsel mentions no facts or documentary source from which a factual basis can be ascertained.

**I**

Under a plea bargain, defendant David Edward Palmer agreed to plead no contest to a charge of possession of MDMA (methylenedioxymethamphetamine) for sale (Health & Saf. Code, § 11378) in exchange for dismissal of a charge of possession of marijuana for sale (*id.*, § 11359). Defendant gave up his rights to both a preliminary hearing and a probation report.

At the hearing on the plea, defendant, in response to the prosecutor's questions, said he had discussed with his attorney the elements of the charged offenses and any defenses, he was satisfied with counsel's advice, and he was entering into the plea knowingly and voluntarily. The prosecutor then asked

1

defense counsel: "Do you stipulate, [counsel], there's a factual basis for [the] plea as the People do?" Defense counsel answered, "Yes, I do stipulate." The trial court accepted the plea and under the terms of the plea agreement granted three years' probation with a jail term of 270 days.

## II

Before accepting a defendant's plea of guilty or no contest to a felony charge, statutory law requires the trial court "to satisfy itself" that "there is a factual basis for the plea," and that the plea is freely and voluntarily made. (Pen. Code, § 1192.5.) At issue here is the factual basis requirement.[1]

As the American Bar Association (ABA) observed nearly 50 years ago, the factual basis inquiry advances certain purposes: "First and foremost, inquiry ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead. Secondly, investigation into the factual basis of guilty pleas acts to increase the visibility of charge reduction practices, a common form of plea agreement. In addition, these inquiries provide a more adequate record of the conviction process; this record minimizes the chances of a defendant successfully challenging his conviction later, *e.g.*, see McGrady v. Cunningham, 296 F.2d 600 (4th Cir. 1961), and also aids correctional agencies in the performance of their functions. Finally, increased knowledge about the circumstances of the defendant's offense provides the court with a better assessment of defendant's competency, his willingness to plead guilty, and his understanding of the charges against him." (ABA Project on Min. Stds. for Crim.

---

[1]    Although there may be some overlap between these two statutory requirements in that the factual basis determination may help ensure that the plea was free and voluntary, the two requirements are largely independent of each other. A factual basis finding does not necessarily establish the free and voluntary nature of the plea, nor does a determination that a plea is free and voluntary necessarily establish a factual basis for the plea.

2

Justice, Standards Relating to Pleas of Guilty (Approved Draft 1968) com. on § 1.6, pp. 32-33; see *People v. Holmes* (2004) 32 Cal.4th 432, 438, fn. 2 [quoting ABA comment].)

More recently, in *People v. Hoffard* (1995) 10 Cal.4th 1170, this court observed: "One of the primary reasons an innocent defendant might plead guilty is 'the disparity in punishment between conviction by plea and conviction by trial.' (Barkai, *Accuracy Inquiries for All Felony and Misdemeanor Pleas: Volunteer Pleas But Innocent Defendants?* (1977) 126 U. Pa. L.Rev. 88, 97.) Such a disparity is particularly likely to be a motivating factor for a plea when the charges expose the defendant to a potentially lengthy term or other severe punishment, and the prosecution offers substantially reduced punishment in exchange for a plea of guilty or no contest. The Legislature could rationally have believed this situation—a negotiated plea—creates an especially high risk the defendant will plead to a crime he or she did not commit and for which no factual basis can be established. Section 1192.5, third paragraph [factual basis inquiry], is designed to protect against that result." (*People v. Hoffard*, *supra*, at p. 1182.) *Hoffard* pointed to an additional reason: "making a record against possible appellate or collateral attacks." (*Id.* at p. 1183.)

Not one of these important purposes was advanced in this case, in which no factual basis inquiry was undertaken by the trial court. Neither the prosecution's question to defense counsel ("Do you stipulate, [counsel], there's a factual basis for [the] plea as the People do?") nor defense counsel's answer ("Yes, I do stipulate") established *any* facts concerning the felony to which defendant pled no contest. The majority itself acknowledges that this case "is devoid of any facts concerning the offense." (Maj. opn., *ante*, at p. 5.)

For the majority, it is sufficient that the prosecutor and defense counsel stipulated that a factual basis existed for the plea. For me, such a stipulation is

3

insufficient because, as I have explained, it does nothing to achieve the purposes underlying the factual basis requirement.

The majority unquestioningly accepts the Attorney General's argument that "a stipulation to a factual basis for a plea is akin to an evidentiary stipulation" which is within counsel's broad authority to enter into. (Maj. opn., *ante*, at p. 7.) I reject that argument. A stipulation to the factual basis for a plea of guilty or no contest, without revealing any facts regarding the circumstances of the alleged offense or the accused's participation in that offense, operates essentially as a waiver of the factual basis requirement. In a criminal case, a plea of guilty is the most serious step the accused can take because it "strips the defendant of such fundamental protections as the privilege against self-incrimination, the right to a jury, and the right of confrontation." (*People v. Chad* (1981) 28 Cal.3d 739, 748; see *People v. Hoffard*, *supra*, 10 Cal.4th at pp. 1177-1178.) Because a plea of guilty or no contest has these grave consequences, a defendant must enter the plea personally and not through counsel. (Pen. Code, § 1018; *People v. Chad*, *supra*, at p. 749.) I conclude likewise that counsel may not waive the factual basis requirement, which protects not only the defendant's fundamental rights but the very integrity of the criminal justice system.

I would reverse the judgment of the Court of Appeal, with directions to remand this matter to the trial court to decide whether a factual basis exists for defendant's plea of no contest.

KENNARD, J.

4

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Palmer
_____

**Unpublished Opinion** XXX NP opn. filed 7/2/12 – 6th Dist.
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**
_____

**Opinion No.** S204409
**Date Filed:** December 5, 2013
_____

**Court:** Superior
**County:** Santa Clara
**Judge:** Drew C. Takaichi
_____

**Counsel:**

Jean M. Marinovich, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, Stan Helfman, Jeffrey M. Laurence and Alisha M. Carlile, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Jean M. Marinovich
P.O. Box 2079
Aptos, CA  95001-2079
(831) 722-1369

Alisha M. Carlile
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5205