Filed 1/8/16  P. v. Berry CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRENCHIE BERRY,<br><br>Defendant and Appellant. | F069623<br><br>(Super. Ct. No. BF154421C)<br><br>**OPINION** |

-----

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Steven M. Katz, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

-----

[*]      Before Kane, Acting P.J., Poochigian, J. and Detjen, J.

Appellant Frenchie Berry pled no contest to possession for sale of marijuana (count 1/Health & Saf. Code, § 11359), and misdemeanor participating in a criminal street gang (count 2/Pen. Code, § 186.22, subd. (a)). On May 27, 2014, the court sentenced Berry to a two-year local term.

On appeal, Berry contends his conviction must be reversed because the court failed to establish a factual basis for his plea. We affirm.

## FACTS

On April 12, 2014, Berry was arrested in this matter.

On April 14, 2014, the district attorney filed a complaint charging Berry with possession for sale of marijuana and felony participation in a criminal street gang. The complaint also charged Berry with a gang enhancement in count 1 and it alleged that Berry had a prior conviction within the meaning of the three strikes law.

On April 28, 2014, after the prosecutor amended count 2 to a misdemeanor charge of participating in a criminal street gang, Berry entered his no contest plea to that count and to the possession for sale of marijuana count in exchange for the dismissal of the remaining allegations against him.

On April 28, 2014, prior to entering his plea, Berry executed a change of plea form. Berry initialed paragraph 5 on the form, which stated:

> "I understand the charge(s) against me and the possible pleas and defenses to the charge(s)."

He also initialed paragraph 6, which stated:

> "I have had enough time to speak with my attorney regarding the strengths of the case against me, any possible defenses that I may have, and the possible consequences of entering this plea."

Berry signed the following acknowledgement at the end of the form:

> "I declare under penalty of perjury that I have read, understood, and initialed each item above, and that everything on the form is true and correct."

2.

Berry's defense counsel signed the following acknowledgement on the form:

"I am the attorney of record for the defendant. I have reviewed this form with my client. I have explained each of the defendant's rights to him/her, and have answered all of the defendant's questions with regard to this plea. *I have discussed with the defendant the elements of the charge(s) to which he/she will plead, the prior convictions or enhancement allegations, and the possible defenses that he/she may have.* I have also explained to the defendant the direct consequences that will result from a plea of guilty or no contest. I have also explained any possible immigration consequences that may result from this plea. I am satisfied that the defendant understands these things. I concur in this plea and in the defendant's decision to waive his/her constitutional rights. *I stipulate that there is a factual basis for the entry of this plea and admission of the prior convictions or enhancements based upon the offense reports contained within the court file, or the testimony introduced at the preliminary hearing and any results of laboratory analysis conducted on any suspected controlled substances seized in this case.*" (Italics added.)

Additionally, the court signed a section entitled, "Court's Findings and Order" which stated that the court found there was a factual basis for the entry of the plea.

During the plea colloquy, the court asked Berry if he signed, dated and initialed the change of plea form and if he understood everything on the form; Berry acknowledged that he did. The court asked Berry if he had any questions about anything on the form or about anything else; Berry replied that he did not.

## DISCUSSION

"… [Penal Code] [s]ection 1192.5 requires the trial court to make *an inquiry* to satisfy itself that there is a factual basis for a conditional plea of guilty or no contest. The purpose of the factual basis requirement is to help ensure that the constitutional standards of voluntariness and intelligence are met. ([*People v.*] *Holmes* [(2004)] 32 Cal.4th [432,] 438-439.) In *Holmes* we observed that, although the statute requires the "'inquiry to be made of defendant" ([Pen. Code,] § 1192.5),' a 'stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute. While defendant may not be in a position to recognize whether his acts do or do not "'constitute the offense with which he is charged'" [citation], defense counsel is well suited to make such a determination.' [Citation.] We said the 'better approach' in this circumstance is for counsel's stipulation to

3.

include reference to a particular document that provides an adequate factual basis, but we did not hold such reference is required.  [Citation.]  We now make clear that, while inclusion of such reference in the stipulation is desirable as a means of eliminating any uncertainty regarding the existence of a factual basis, the trial court may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record where, as here, *the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice*.  (*People v. Palmer* (2013) 58 Cal.4th 110, 118 (*Palmer*), second italics added.)

"'[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea.  The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion.' [Citation.]" (*Palmer*, *supra*, 58 Cal.4th at pp. 118-119.)

Berry acknowledged in the change of plea form that he understood the charges against him and the possible pleas and defenses, and that he had spoken with his attorney regarding the strengths of his case and the possible pleas and defenses to the charges.  He also signed an acknowledgement at the end of the form that he had read, understood, and "initialed each item" on the form.  Defense counsel signed an acknowledgement on the form that he discussed the elements of the charges with Berry, the possible defenses, and the direct consequences of his plea.  Defense counsel also stipulated that there was a factual basis for Berry's plea.  During the plea colloquy, Berry acknowledged that he signed the change of plea form, that he understood all of it, and that he did not have any questions about anything on the form.  Thus, the procedure followed here was consistent with *Palmer* except that, here, almost everything was done in writing.

Berry contends *Palmer* is inapposite because:  (1) in his request for a certificate of probable cause he asserted there was no evidence marijuana was being sold or of gang activity; and (2) during the plea colloquy Berry did not affirm that he discussed the elements of his offenses with defense counsel and neither defense counsel nor the prosecutor stipulated to a factual basis for Berry's plea.  We disagree.

4.

The salient point of *Palmer* is that the court may accept a stipulation by defense counsel to the plea's factual basis if the record discloses that the defendant discussed the elements of the crime and any defenses with defense counsel and that the defendant is satisfied with counsel's advice. (*Palmer*, *supra*, 58 Cal.4th at p. 118.) In *Palmer* this occurred during the plea colloquy. However, we see no reason why *Palmer*'s holding should not apply equally when the above requirements are met in writing through a change of plea form and during the plea colloquy the defendant acknowledges that he signed the form, understood it contents, and did not have any questions. Thus, we conclude that the court did not abuse its discretion in accepting defense counsel's written stipulation that there was a factual basis for Berry's plea.

## DISPOSITION

The judgment is affirmed.