Filed 9/2/16  P. v. Martin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW BRYAN MARTIN,<br><br>        Defendant and Appellant. | C072265<br><br>(Super. Ct. No. CRF 09-4637)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on August 5, 2016, be modified as follows:

On page 4, the paragraph under the heading "1.  Presence at the Scene" is deleted and the following paragraphs are inserted in its place:

Defendant contends the evidence presented at trial was insufficient to prove he was present at the scene of the attack.  To the contrary, the attack was recorded by surveillance cameras.  That video was admitted into

1

evidence.  After watching the video, two detectives and a parole officer identified defendant, whose left arm is amputated below the elbow and whose neck is tattooed, as present at the scene of the attack.  Such evidence is sufficient to place defendant at the scene of the attack.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

BY THE COURT:


   /s/
Nicholson, J.


   /s/
Raye, P. J.


   /s/
Robie, J.

2

Filed 8/5/16  P. v. Martin CA3 (unmodified version)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C072265 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 09-4637) |
| v. | |
| MATTHEW BRYAN MARTIN, | |
| Defendant and Appellant. | |

Defendant Matthew Bryan Martin, along with other Norteño gang members, participated in an attack on Osvaldo Hernandez and Victor Arechiga.  Defendant stole beer that Arechiga had just purchased and put in the back of Hernandez's car.  Then, another of the gang members slashed Hernandez's face.  We conclude the evidence was not sufficient to convict defendant of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and accept the People's concession that

_____

[1]     Undesignated statutory references are to the Penal Code.

1

the sentence imposed on defendant's conviction for active participation in a criminal street gang (§ 186.22, subd. (a)) should be stayed.  We find no merit in the remainder of defendant's contentions.

PROCEDURAL AND FACTUAL BACKGROUND

In the early morning hours of September 20, 2009, Osvaldo Hernandez drove acquaintance Victor Arechiga to a gas station with a convenience store in order to buy beer.  Hernandez parked in front of the store, and Arechiga went inside to buy the beer.  Arechiga came out of the store with two 30-packs of beer.  Two girls were walking behind Arechiga.  Arechiga looked back and said something to the girls.

Arechiga put the beer on the backseat of Hernandez's car; a group of men approached the car and asked Arechiga what he said to the girls.  Defendant took a swing at Arechiga.  Believing defendant was going to beat him up, Arechiga backed up and "squared off."  The other men with defendant then rushed the car.  One of the men yelled, "Are you a scrap?" or, "You're a scrap," a disrespectful term used by Norteños for Sureños and defendant took the beer from the backseat.  At the same time, the other men began hitting and kicking Hernandez as he sat in the driver's seat, trapped because one of the men was blocking the door.  Someone else then entered the car from the front passenger door, leaned over, and slashed Hernandez across the right cheek from his ear to his mouth—splitting open his face.  This left Hernandez with a "bitch mark" or "puta mark," signifying Hernandez is "no good within the gang."  Such marks are left intentionally to mark the victim for life.  Leaving such a mark often benefits the Norteños and boosts the status of the gang member who inflicted it.

In 2011, defendant and three other men were tried by jury for crimes committed during the attack on Hernandez.[2]  The jury found defendant guilty of second degree

---

[2]     The three other defendants were Jose Rivas, Michael Santiago, and Arturo Vega. The jury deadlocked on all counts related to Rivas and the trial court declared a mistrial.

2

robbery (§§ 211, 212.5, subd. (c)), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), active participation in a criminal street gang (§ 186.22, subd. (a)), and battery causing serious bodily injury (§ 243, subd. (d)), a lesser included offense to the charged offense of aggravated mayhem (§ 205).

In a bifurcated proceeding, the trial court found true the People's allegations that defendant was previously convicted of a strike offense and served two prior prison terms. The trial court sentenced defendant to an aggregate term of 19 years four months in state prison, awarded him 1,001 days of custody credit, and ordered him to pay various fines and fees.

## DISCUSSION

## I

## *Sufficiency of Evidence*

Defendant contends the evidence was insufficient to convict him on any of the charges. He claims that, as to all of the charges, the evidence was insufficient to establish that he was present at the scene of the crimes. As to the robbery count, he claims the evidence was insufficient that Hernandez possessed the stolen beer. He also claims the evidence was insufficient to convict him on the remaining counts of assault, battery, and participation in a criminal street gang. We conclude that, with the exception of the assault charge, the evidence was sufficient to convict defendant of each of these charges.

A. *Legal Background*

" 'In reviewing the sufficiency of evidence under the due process clause of the Fourteenth Amendment to the United States Constitution, the question we ask is "whether, after viewing the evidence in the light most favorable to the prosecution, any

The jury found Santiago and Vega not guilty on all counts. Rivas was later convicted of aggravated mayhem, robbery, aggravated assault, and participation in a criminal street gang along with various firearm and gang enhancements. (See *People v. Rivas* (2015) 238 Cal.App.4th 967.)

3

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." ' [Citation.] We apply an identical standard under the California Constitution. [Citation.] 'In determining whether a reasonable trier of fact could have found defendant guilty beyond a reasonable doubt, the appellate court "must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' [Citation.]" (*People v. Young* (2005) 34 Cal.4th 1149, 1175, italics omitted.) In reviewing the sufficiency of the evidence, "a reviewing court resolves neither credibility issues nor evidentiary conflicts. [Citation.] Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.]" (*Id.* at p. 1181.) We will reverse for insufficient evidence only if " ' " 'upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" ' " (*People v. Manriquez* (2005) 37 Cal.4th 547, 577.)

    B. *Analysis*

        1. Presence at the Scene

Although neither the People nor defendant mention it in their briefs, defendant's trial counsel stipulated defendant was present at the scene of the attack then repeatedly acknowledged throughout trial that defendant was present at the scene of the attack. Defense counsel even argued in closing that defendant was present at the scene, while minimizing his violent misconduct: "I told you, right from jump street, right from the beginning that [defendant] was there." Defendant cannot now claim the evidence was insufficient to establish he was present at the scene of the attack: "a party is bound by a stipulation . . . in open court of his counsel . . . , he cannot mislead the court by seeming to take a position on the issues and then disputing or repudiating the position on appeal. [Citations.]" (*In re Francis W.* (1974) 42 Cal.App.3d 892, 903; cf. *People v. Palmer* (2013) 58 Cal.4th 110, 118 ["Stipulations obviate the need for proof and are independently sufficient to resolve the matter at issue in the stipulation"].)

4

2. Robbery

Defendant argues the evidence was insufficient to convict him of robbery because the evidence was insufficient to show Hernandez had possession of the beer when it was stolen. We disagree.

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) A person possesses property if he owns it or has direct physical control over it. (*People v. Scott* (2009) 45 Cal.4th 743, 749.) Here, the property at issue was the beer purchased by Arechiga. That beer was on the backseat of Hernandez's car and Hernandez was still in the driver's seat when defendant stole it. Hernandez could have driven off with the beer, drunk the beer, or thrown the beer out of the car window. Because it was inside his car, Hernandez also could exclude strangers from getting the beer.

The evidence shows Hernandez had direct physical control over the beer and was, therefore, in possession of the beer when it was stolen. Just because Hernandez chose not to stop defendant from taking the beer does not, as defendant suggests, belie the fact that Hernandez possessed the beer. Indeed, defendant cites no authority to support a rule that a victim must defend the property being stolen in order to establish possession. Such a rule would be misguided in any event. There also is no basis in the law or logic for defendant's argument that because Hernandez did not intend to drink the beer that he did not possess the beer.

3. Assault

We agree the evidence was insufficient to convict defendant of assault by means likely to produce great bodily injury. (§ 245, subd. (a)(1).)

A conviction for violating section 245, subdivision (a)(1) requires proof that the defendant (1) willfully committed an unlawful act that by its nature would probably and directly result in the application of physical force on another person; (2) was aware of

5

facts that would lead a reasonable person to realize that as a direct, natural, and probable result of this act, physical force would be applied to another person; (3) had the present ability to apply physical force to the person of another; and (4) committed the assault by means of force likely to produce great bodily injury. (CALCRIM No. 875.)

At trial, the People argued all four defendants committed the assault likely to produce great bodily injury on Hernandez. The People told the jury to look at the video and see the four men "hitting, punching, kicking at one time." This, the People argued, showed all four men intentionally performed an act they each knew would result in force being applied to Hernandez in a manner that was likely to result in great bodily injury.

The evidence, however, showed that while the other three men were kicking and hitting Hernandez, defendant was taking beer from the back of Hernandez's car. And, while there was evidence that defendant took a swing at Arechiga, there was no evidence that defendant ever raised a fist to Hernandez. Accordingly, the evidence was not sufficient to convict defendant of assaulting Hernandez by means likely to produce great bodily injury.

On appeal, the People do not argue the evidence was sufficient to convict defendant of assaulting Hernandez directly. Instead, they argue the evidence was sufficient to convict defendant because his actions and his role as a "high-ranking, influential Woodland Norteño" established he "aided and abetted the assault." The People did not argue this legal theory at trial. And, while the trial court instructed the jury on the theory of aider and abettor liability as it related to the robbery charge, that same instruction was not given relative to the assault charge. Whether defendant was liable as an aider or abettor cannot be resolved without facts in addition to those found in this record, consequently the People cannot raise this new legal theory on appeal. (See *People v. Chapman* (1990) 224 Cal.App.3d 253, 259-260.)

In sum, we find the evidence was not sufficient to convict defendant of assault by means likely to produce great bodily injury and reverse the conviction accordingly.

6

4. Battery Causing Serious Bodily Injury—As a Lesser Included Offense of Aggravated Mayhem

The trial court instructed the jury that in order to find defendant guilty of aggravated mayhem or the lesser included offense of battery causing serious bodily injury, the jury must first find defendant guilty of either robbery or assault.  Then, determine whether a reasonable person would have known that the mayhem or battery was the natural and probable consequence of the robbery or the assault.

Defendant contends because there was insufficient evidence to convict him of either robbery or assault, the evidence was necessarily insufficient to convict him of battery.  Because we conclude the evidence was sufficient to convict defendant of robbery, this contention fails.

5. Participation in a Criminal Street Gang

The trial court instructed the jury that in order to find defendant guilty of participation in a criminal street gang, the jury must first find defendant committed or attempted to commit any one of the charged crimes.  Defendant contends, because the evidence was not sufficient to convict him of robbery, assault, or battery, the evidence was necessarily insufficient to convict him of participation in a criminal street gang.  Because we conclude the evidence was sufficient to convict defendant of robbery and battery, this contention also fails.

II

*Section 654*

Defendant contends the sentence on his conviction for participation in a criminal street gang, as well as the sentence on his conviction for battery, should be stayed pursuant to section 654.  We accept the People's concession that the sentence on defendant's conviction for participation in a criminal street gang should be stayed and affirm the sentence on defendant's conviction for battery.

7

A. *Legal Background*

Section 654, subdivision (a) provides in part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ."

"It has long been held that section 654 bars multiple punishment for separate offenses arising out of a single occurrence where all of the offenses were incident to one objective. [Citations.]" (*People v. Calderon* (2013) 214 Cal.App.4th 656, 661, fn. omitted.) "However, if the defendant harbored 'multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct. [Citation.]' [Citations.]" (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.) "Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.]" (*People v. Jones, supra,* at p. 1143.)

    1. Participation in a Criminal Street Gang

In *People v. Mesa* (2012) 54 Cal.4th 191 (*Mesa*), our Supreme Court held that section 654 did not permit separate punishment for a section 186.22, subdivision (a) crime of active participation in a criminal street gang when the only evidence of such participation was the current charged offenses, even if there were multiple objectives. (*Mesa*, *supra,* at pp. 199-200.) This is because the crime of being an active participant in a criminal street gang requires not only that the defendant be a member of the gang, but that he also promote, further, or assist in the felonious conduct. (*Id.* at pp. 196-197.) Thus, where the underlying felony is also the act " 'that transform[s] mere gang

membership—which, by itself, is not a crime—into the crime of gang participation,' "
section 654 bars multiple punishment for that single act. (*Mesa*, *supra,* at pp. 197-198.)

In this case, the trial court imposed separate sentences for the robbery, battery, and active participation in a street gang. The People acknowledge that defendant's robbery and battery convictions formed the basis for the active participation in a street gang conviction and those underlying felonies were "carried out against a single victim during a single criminal episode." Accordingly, the People concede the sentence imposed on defendant's conviction for active participation in a street gang should be stayed. We accept the People's concession.

2. Battery

Here, the trial court had the proper standard well in mind when it imposed consecutive sentences for battery and robbery. It said: "I agree with [the People] that the battery with serious bodily injury, the slashing is a discreet act of violence which occurred after the robbery had taken place, and was an act of violence that had nothing to do with any attempt to reclaim property that was stolen. Therefore, consecutive sentencing is warranted for Count 1 [battery], that would add an additional year . . . ."

Defendant disagrees. He writes: (1) "the robbery had not ended," (2) "the evidence showed only one objective, stealing the beer," and (3) defendant committed only the single act of taking the beer and should not be punished twice.

First, "[r]obbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Thus, the crime of robbery is *committed* the moment property is taken by force or fear. That the crime *continues* until the robber has reached a place of safety does not change that analysis. (See *People v. Anderson* (2011) 51 Cal.4th 989, 994 [property peacefully acquired by force or fear used to carry it away is robbery because robber has not reached a place of relative safety].) Indeed, following defendant's logic, someone who took property from another person's immediate presence through

9

force or fear could not be convicted of robbery if they were arrested while fleeing the scene. Such a result would be preposterous.

Second, we must accept the trial court's interpretation of the evidence because it is supported by the evidence. The evidence was sufficient to support the conclusion that the slashing of Hernandez's face was meant to disfigure him and leave the mark as an advertisement for the Norteño gang. It did not facilitate the robbery, which had already been accomplished, and it was done with a separate intent.

In short, we reject defendant's contention.

### DISPOSITION

We reverse defendant's conviction for assault by means of force likely to produce great bodily injury and stay the sentence imposed on defendant's conviction for active participation in a criminal street gang. In all other respects, the judgment is affirmed. The trial court clerk is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

                                      NICHOLSON            , J.


We concur:


     RAYE            , P. J.


     ROBIE            , J.

10