Filed 6/28/24  P. v. Rodriguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EVERARDO DURAN RODRIGUEZ,<br><br>    Defendant and Appellant. | H051564<br>(Monterey County<br> Super. Ct. No. 21CR007254) |

Appellant Everardo Duran Rodriguez (Duran)[1] pleaded no contest to two drug-related offenses and a count of solicitation to commit a battery and was sentenced to a term of nine years in county jail.  On appeal, his appointed counsel filed a brief that states the case and the facts but raises no arguable issues, citing *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We notified Duran of his right to submit written argument on his own behalf, and he has filed a handwritten letter brief arguing that he never committed the crimes in question, his sentence is disproportionate compared with his coconspirators, and that he has engaged in positive programming while incarcerated.  Finding no arguable issues, we affirm.

---

[1] We follow Duran's self-identification by using his father's surname.

I.    BACKGROUND

In July 2023, the Monterey County District Attorney filed an operative second amended information charging Duran with conspiracy to commit transportation of a controlled substance from one county to a noncontiguous county (Pen. Code, § 182, subd. (a)(1)[2]; Health & Saf. Code, § 11352, subd. (b); count 1), conspiracy to commit possession of a controlled substance for sale (§ 182, subd. (a)(1); Health & Saf. Code, § 11378; count 2), and solicitation to commit battery causing serious bodily injury (§§ 653f, subd. (a), 243, subd. (d); count 3).  It was further alleged as an aggravating circumstance that Duran induced others to participate in the commission of the crime and occupied a position of leadership and dominance of the other participants within the meaning of California Rules of Court, rule 4.421(a)(4).

Duran pleaded no contest to all three counts and admitted the aggravating circumstance as alleged with the understanding that the minimum sentence he could receive was seven years eight months, and the maximum term was 10 years eight months and that the court could elect to impose the upper term.  The parties stipulated that a police report prepared by the Salinas Police Department would serve as the factual basis for the plea.

According to the probation department's summary of the police report, Duran owned a produce transportation company by which he and several coconspirators imported methamphetamine, heroin, cocaine, and fentanyl from Mexico.

At the sentencing hearing in September 2023, defense counsel advised the trial court that the "true max" for Duran's offenses was "ten/four" and that Duran had been advised of the actual maximum term.  The trial court thereafter sentenced Duran to the upper term of nine years in county jail for count 1 and imposed two concurrent middle

---

[2] Unspecified statutory references are to the Penal Code.

terms of two years each for counts 2 and 3. Duran timely appealed without obtaining a certificate of probable cause.

## II. DISCUSSION

Duran argues in his letter brief that he is innocent and that he was the subject of false accusations. But this claim is not cognizable on appeal: "Under section 1237.5, a defendant may appeal from a conviction on a plea of guilty or no contest only on grounds going to the legality of the proceedings; such a plea precludes appellate consideration of issues related to guilt or innocence, including the sufficiency of the evidence to support the conviction." (*People v. Palmer* (2013) 58 Cal.4th 110, 114.)

Duran also challenges the length of his sentence, arguing that his term of imprisonment was harsher than the sentences imposed on his coparticipants. But a codefendant's lesser sentence does not establish disproportionality in sentencing, as the trial court at sentencing was considering *Duran's* individual culpability, not his coparticipants'. (See, e.g., *People v. Riel* (2000) 22 Cal.4th 1153, 1223 [disposition of codefendant's case is not relevant to the defendant's sentence at penalty phase].) And pertinent here, Duran admitted as true an aggravating factor under California Rules of Court, rule 4.421(a)(4)—that he was in a position of leadership or dominance of the other participants in the commission of the offenses.

Finally, Duran submits evidence of his rehabilitation efforts in county jail. To the extent Duran references his completion of certain programming before he was sentenced, trial counsel already submitted numerous other programming certificates at sentencing and any additional matters should have been presented to the court at that time. (See Cal. Rules of Court, rule 4.420(d) [relevant circumstances in choosing between middle and lower terms can be obtained from "other reports and statements properly received" and "any evidence introduced at the sentencing hearing"].) And to the extent Duran references matters that occurred *after* sentencing, any post-sentencing conduct is not

properly tied to any issue that we can consider on appeal from his judgment of conviction.

Having independently reviewed the record pursuant to *Wende*, we find no arguable issues.

### III. DISPOSITION

The judgment is affirmed.

_____
LIE, J.

WE CONCUR:


_____
GREENWOOD, P. J.


_____
GROVER, J.


*People v. Duran Rodriguez*
H051564