Filed 12/5/24  P. v. Camarena CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083689 |
| v. | (Super.Ct.No. INF031888) |
| JOSE CAMARENA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Collette C. Cavalier, Supervising Deputy Attorney General, and Lynne G. McGinnis, Deputy Attorney General, for Plaintiff and Respondent.

A prisoner serving a sentence of 14 years plus 25 years to life after conviction of first degree murder and assault with a firearm (both with enhancements) petitioned under the law allowing resentencing for people convicted of murder under the now-abrogated natural and probable consequences theory or under a narrowed felony-murder rule. However, the record of conviction establishes he was not convicted under such a theory, and any procedural errors at the prima facie hearing stage do not require reversing for a new hearing. We affirm.

# I

## FACTS

The People charged and tried appellant Jose Camarena on one count of willful, premeditated, and deliberate murder (Pen. Code, § 187, subd. (a), unlabeled statutory citations refer to this code) and one count of assault with a firearm (§ 245). The People also tried Camarena for personally using a firearm (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)) and acting for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)).

In October 2000, a jury found Camarena guilty of first degree murder and assault with a firearm, and found the enhancement allegations to be true. The trial court sentenced Camarena to prison for 14 years plus 25 years-to-life, and we affirmed. (*People v. Camarena* (June 26, 2002, E029567) 2002 WL 1397105 [nonpub. opn.].)

In March 2024, Camarena petitioned for resentencing under section 1172.6. The petition alleged (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, (2) he was convicted of murder following a trial, and (3) he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. The court appointed counsel to represent Camarena, as required by the statute, and set a hearing to determine whether he had made out a prima facie case for eligibility, which would require the court to issue an order to show cause and hold an evidentiary hearing.

Neither the People nor Camarena filed briefs with the trial court. At the April 2024 prima facie hearing, the prosecutor said, "I sent the [jury] instructions to [defense counsel]. . . . There were no aiding and abetting or other violative instructions given. Basically, it was a one-on-one situation without getting into factfinding. There are no violative instructions given." Camarena's counsel told the court Camarena received the materials and, "although he objects for the record, [defense counsel] agrees with the deputy district attorney." The trial court asked defense counsel expressly whether the jury was instructed on the felony-murder rule or the natural and probable consequences doctrine, and he agreed they were not so instructed.

The trial court denied the petition because "[u]nder those circumstances the defendant is not eligible for relief."

## II

## ANALYSIS

Camarena argues the trial court erred by ruling he did not make out a prima facie case because the People failed to submit a brief setting out their objections to his eligibility and failed to submit into evidence at the hearing the jury instructions that supported their argument. We conclude there was no error, because the parties agreed the record of conviction established Camarena was not convicted under a felony murder or natural and probable consequences theory. The trial court was entitled to rely on counsel's representations as a basis for that ruling. An evidentiary stipulation "is conclusive without reference to additional evidentiary support." (*People v. Palmer* (2013) 58 Cal.4th 110, 117; see *id.* at p. 118 [where court has an inquiry duty to determine that there is a factual basis for a plea, the court may rely on counsel's stipulation, as "[e]ven at trial, counsel may stipulate to the existence or nonexistence of essential facts"].)

Camarena argues we should return the case to the trial court because the failure to submit the jury instructions as an exhibit at the trial court hearing deprives this court of an adequate record to conduct a review. However, the People have remedied any such problem by moving for judicial notice of the record in Camarena's first appeal, which includes the jury instructions given at his trial. We grant the motion and take judicial notice of those court records (Evid. Code, § 452, subd. (d)), which show the People's

4

representations about the jury instructions (and his counsel's concession) to be accurate.[1]

At trial, Camarena did not request, and the court did not give, instructions on the felony-murder rule, the natural and probable consequences doctrine, or any other theory of imputed malice.

This resolves the petition as a matter of law. It is well established a petitioner like Camarena is entitled to relief under section 1172.6 only if he could have been convicted (or pled guilty to) murder under a theory abrogated by Senate Bill No. 1437 or Senate Bill No. 775. Under section 1172.6, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).) As the statutory text makes plain, a petitioner convicted of murder is eligible for relief only if the conviction was based on the felony-murder rule, the natural and probable consequences doctrine, or some other theory of imputed malice. (*People v. Curiel* (2023) 15 Cal.5th 433, 462.) The jury instructions, and

---

[1] Camarena argues based on *White v. Wear* (2022) 76 Cal.App.5th 24, 28 that we should not take judicial notice because the instructions were not presented to the trial court. *White* is distinguishable. Here, the attorneys for both parties conferred on the jury instructions and the court ruled based on the attorney representations that the instructions omitted any reference to any theory of imputed malice, so it is not accurate to say the trial court did not consider the jury instructions in issuing its ruling.

counsel's representations, establish Camarena's jury was not instructed on any such theory, and therefore could not have convicted him based on such a basis.

Camarena argues we should send the petition back to the trial court because it did not conduct a proper prima facie inquiry. He objects that the court ruled even though the People did not file a brief setting out their response. He points out the statute directs "the prosecutor shall file and serve a response" within 60 days of service of a facially valid petition. (§ 1172.6, subd. (c).) He also objects that the court ruled without providing a statement of reasons, as required. (§ 1172.6, subd. (c) ["If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so"].) He argues this last failure violated his federal procedural due process rights.

The trial court did not err by ruling without having first received a written response from the People. The relevant provision directs the trial court to hold a prima facie hearing "[a]fter the parties have had an *opportunity* to submit briefings." (§1172.6, subd. (c), italics added.) The parties had the opportunity to file written arguments but chose not to. Instead, they communicated outside of court about the important record facts and appeared at the prima facie hearing to inform the court of what they found. As it happens, the record establishes Camarena is not eligible for relief under the statute as a matter of law. We see no error in the trial court ruling based on the parties' oral representations about the facts of the case. The procedure followed is "consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a

6

person's actions, *while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process*." (*People v. Lewis* (2021) 11 Cal.5th 952, 971, italics added.)

Even if the procedure constituted error, there is no reasonable probability the trial court would have issued an order to show cause if the People had put their position in writing before the hearing. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)

We also conclude the trial court was not required to provide a more detailed statement of its reasons for ruling as it did. The trial court's basis for denying the petition was plain, even if short. Both the People and Camarena's counsel represented the jury instructions did not permit the jury to find Camarena guilty of attempted murder under a theory of imputed malice. This reason was the only basis provided for denying the petition, and it established the petition was meritless as a matter of law. Trial courts are required to provide a short statement of the basis for such rulings, and the trial court's statement here was adequate to the task. The statement's brevity was commensurate with the simplicity of the issue, and even if somehow deficient, it neither violated Camarena's federal procedural due process rights nor was it prejudicial. (*People v. Hurtado*, *supra*, 89 Cal.App.5th at p. 892 ["a trial court's statutory omissions at the first step of the section 1172.6 process are not state or federal constitutional violations"].)

## III

## DISPOSITION

We affirm the order refusing to recall Camarena's sentence.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

RAMIREZ _____
P. J.

CODRINGTON _____
J.