Filed 7/28/16  P. v. Earl CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN ALEXANDER EARL,<br><br>    Defendant and Appellant. | B267761<br><br>(Los Angeles County<br>Super. Ct. No. TA136338) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Affirmed as modified.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

An information, filed on April 30, 2015, charged appellant Sean Alexander Earl and two codefendants with three counts of attempted murder. The information further alleged that the attempted murders were committed willfully, deliberately, and with premeditation within the meaning of Penal Code[1] section 664, subdivision (a); that a principal personally and intentionally used and discharged a firearm, a handgun, within the meaning of section 12022.53, subdivisions (b), (c) and (e)(1); and that pursuant to section 186.22, subdivision (b)(1)(C), the offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang.

According to the preliminary hearing transcript, the charges were based on an incident in which the three victims were fired upon as they walked on a street in Compton. At a field show-up shortly after the shooting, one of the victims identified appellant as one of the men who fired a gun at them.

Appellant pleaded not guilty. On the first day of trial, the People struck "willful, deliberate, and premeditated" from count 1, and with the court's permission, amended the information to add a section 12022.53, subdivision (b) firearm allegation to count 1. Appellant withdrew his plea of not guilty as to count 1 and pleaded no contest to one count of attempted murder and admitted the firearm allegation. (Capitalization omitted.) The court found appellant guilty, found a factual basis for the plea, and dismissed the other counts and the allegations. Under the plea agreement, the court sentenced appellant to a total of 15 years in state prison, consisting of the lower term of five years as to count 1 plus a consecutive term of 10 years for the section 12022.53, subdivision (b) enhancement. The court also imposed a restitution fine of $300 (§§ 1202.4, subd. (b), 1202.45), required fees and assessments (§ 1465.8; Gov. Code, § 70373;) and awarded appellant presentence custody and conduct credits.

On October 4, 2015, appellant filed a notice of appeal and requested a certificate of probable cause asserting that he should not have been charged with attempted murder or the firearm enhancement because the evidence showed he was not a "shooter in the

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

case," and "no one even got shot." On October 19, 2015, the trial court granted the request for a probable cause certificate.

We appointed counsel to represent appellant in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On April 16, 2016, we directed appointed counsel to immediately send the record on appeal and a copy of the opening brief to appellant. We notified appellant that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We received no response.

Appellant's plea limits his challenge on appeal. The matters that appellant raised in his request for a certificate of probable cause relate to the sufficiency of the evidence supporting the charge and the enhancement. An argument that sufficient evidence did not support the conviction, however, is not cognizable on appeal after appellant's plea, with or without a certificate of probable cause. (*People v. Palmer* (2013) 58 Cal.4th 110, 114; see *People v. Turner* (1985) 171 Cal.App.3d 116, 125-126 [appellant's plea concedes that the prosecution has admissible evidence sufficient to prove the charges and thus waives any right to raise questions about the evidence or have a conviction reviewed on the merits].) Appellant did not identify any issue with respect to the validity of the plea or the circumstances related to his plea agreement, nor does any appear in the record. In addition, appellant did not list any noncertificate[2] grounds in his notice of appeal nor submit a brief or letter advancing any such grounds. Further, our own review has not identified any noncertificate issue warranting appellate review.

We are satisfied that appointed counsel has complied with his responsibilities, and our review of the entire record has disclosed that no arguable issues exist that would result in a disposition more favorable to appellant. (*People v. Kelly* (2006) 40 Cal.4th

---

[2] A defendant may obtain review on appeal of so-called "noncertificate" issues which do not require a certificate of probable cause. Noncertificate issues are "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5" or "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4).)

106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.) In examining the record in this case, however, we noticed a typographical error in the abstract of judgment. As reflected in the reporter's transcript and minute order, the trial court imposed a total sentence of 15 years in state prison. The abstract of judgment erroneously indicates that the total time imposed is five years. We have inherent power to correct clerical errors in the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment with the correct total sentence of 15 years, and to forward the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


JOHNSON, J.


LUI, J.


4