Filed 2/17/22  P. v. Reyna CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANK JOE REYNA,<br><br>    Defendant and Appellant. | 2d Crim. No. B309517<br>(Super. Ct. No. A950076)<br>(Los Angeles County) |

Frank Joe Reyna appeals from the order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  He contends the trial court erred when it summarily denied his petition without issuing an order to show cause.  We agree and reverse.

---

[1] Further unspecified statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL HISTORY

*Preliminary Hearing Transcript*

In 1987, a witness was standing in the street with a group of people when he saw a car approaching. The witness heard someone yell "Frogtown" immediately before several gunshots were fired from the car. One person was killed, and two people were injured. The witness identified the codefendant as a passenger in the car. He testified that the car belonged to either Reyna or his codefendant.

A jailhouse informant testified that he spoke to Reyna while he was in custody. On direct examination, the informant testified that Reyna said "he shot the man." On cross-examination, the informant said Reyna said "he shot at" two people, but did not say anyone was hit.

*Plea and Sentence*

The People charged Reyna and his codefendant with one count of murder (§ 187, subd. (a)) and two counts of attempted murder (§§ 187/664). The information alleged that Reyna and his codefendant were principals armed with a firearm. (Former § 12022, subd. (a).) As to the codefendant only, the information alleged that he personally used a firearm (§ 1203.06, subd. (a)(1)) and personally inflicted great bodily injury (§ 12022.7).

Reyna pled no contest to second degree murder and admitted the allegation that he was a principal armed with a firearm. (§§ 187, subd. (a), former 12022, subd. (a).) Reyna stipulated to the factual basis for his plea based on the preliminary transcript and/or police reports. He was sentenced to 15 years to life.

*Petition for Resentencing*

In 2019, Reyna filed a petition for resentencing pursuant to section 1170.95. At his request, counsel was appointed. Reyna's counsel alleged that the record presented "sufficient facts to conclude that [Reyna] was not the actual killer and he could only have been convicted at a trial under a theory of natural and probable consequences" and that there was "no credible evidence demonstrating that he had malice, either express or implied, during the course of the acts."

The trial court summarily denied the petition. It ruled that Reyna failed to make a prima facie showing of eligibility for relief.

## DISCUSSION

Reyna contends the trial court erred when it summarily denied the petition without issuing an order to show cause. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony murder and the natural and probable consequences doctrines to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) The Legislature added section 188, subdivision (a)(3), to state that with the exception of felony murder under section 189, subdivision (e), "a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) The Legislature also amended section 189, subdivision (e), to require that to be convicted of felony

3

murder, a defendant must be the actual killer, an aider or abettor to the murder and acted with the intent to kill, or "a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Section 1170.95 provides a procedure to persons previously convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter" to obtain retroactive relief. (§ 1170.95; *Gentile*, *supra*, 10 Cal.5th at p. 853.)

To be eligible for resentencing, a defendant must establish that "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder [and] [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

If the petition meets the requirements of section 1170.95, subdivisions (a) and (b), the trial court proceeds to

4

subdivision (c), which provides that "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

In determining whether the petition has made a prima facie showing, the trial court may examine the record of conviction "to distinguish petitions with potential merit from those that are clearly meritless." *People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*)

In "reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in

5

'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 972.) The "'prima facie bar was intentionally and correctly set very low.'" (*Ibid*.)

Here, Reyna filed a facially sufficient petition setting forth a prima facie case for relief. (§ 1170.95, subd. (b).) Thus, "'absent a record of conviction that *conclusively establishes* that [Reyna] engaged in the requisite acts and had the requisite intent [for a murder conviction under the current law], the trial court should not question [the petitioner's] evidence'" in the first stage review. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230 (*Rivera*).)

The record of conviction does not conclusively establish that Reyna was ineligible for relief. Reyna was convicted of second degree murder, which is the unlawful killing of a human being with malice aforethought but without the additional elements, such as willfulness, premeditation, and deliberation, that would support a first degree murder conviction. (§§ 187, 189; *People v. Knoller* (2007) 41 Cal.4th 139, 151.) "It is undisputed that a conviction of second degree murder does not, in and of itself, bar a petition under section 1170.95." (*Rivera, supra*, 62 Cal.App.5th at p. 232; *Gentile, supra*, 10 Cal.5th at p. 847.) Before Senate Bill No. 1437 was enacted and at the time of Reyna's conviction, a person could be convicted of second degree murder without acting with express or implied malice; instead, malice could be imputed to a defendant under the felony murder or natural and probable consequences theory. (*Gentile*, at p. 847.)

Thus, Reyna's plea to second degree murder was not an admission that he acted with express or implied malice that would render him ineligible for relief. (See *Rivera, supra*, 62

6

Cal.App.5th at p. 224.)  Nor did the principal-with-a-firearm allegation necessarily include an admission that he was the actual killer or acted with actual malice.  Notably, the information only alleged that Reyna's codefendant, and not Reyna himself, personally used a firearm and personally inflicted great bodily injury.  (See in contrast *People v. Perez* (2020) 54 Cal.App.5th 896, 907, review granted Dec. 9, 2020, S265254 [record of conviction showed the defendant was the actual killer, acted alone, and admitted an allegation that he personally used a weapon in the commission of the murder].)

Moreover, nothing in the preliminary hearing transcript conclusively refutes the allegations in the petition.  Reyna's stipulation to the factual basis for his plea based on the preliminary hearing transcript and/or police report constituted only an admission to the elements of the charged offenses.  It was not an admission of the truth of the facts.  (*People v. French* (2008) 43 Cal.4th 36, 50-52; see also *People v. Palmer* (2013) 58 Cal.4th 110, 118-119.)  The transcript also provided conflicting evidence on the identity of the actual killer and left open the possibility of a murder conviction based on the natural and probable consequences theory.  Because the record of conviction does not definitively refute the allegations, the trial court was required to issue an order to show cause.  (§ 1170.95, subd. (c).)

This case is like *Rivera*, *supra*, 62 Cal.App.5th 217, in which Rivera and a codefendant were indicted on one count of murder with malice aforethought with gang and lying-in-wait special circumstances allegations.  (*Id.* at pp. 224-225.)  The evidence suggested that Rivera was present when his codefendant (a fellow gang member) shot the victim, and Rivera drove the codefendant to and from the scene.  (*Id.* at p. 224.)

7

Rivera pled no contest to second degree murder and admitted the gang allegation. (*Id.* at p. 225.) After Senate Bill No. 1437 was enacted, Rivera petitioned for resentencing (§ 1170.95), which the trial court denied. (*Rivera*, at pp. 226-227.)

The Court of Appeal reversed, concluding that "a plea to murder 'with malice aforethought' is not categorically incapable of making a prima facie showing of eligibility for relief . . . because such a plea is not necessarily an admission that the crime was committed with actual malice." (*Rivera, supra,* 62 Cal.App.5th at p. 224.) Rivera "made no admissions related to the murder other than pleading no contest to the count as charged." (*Id.* at p. 234.) Thus, the record of conviction reflected "no basis on which to infer that Rivera admitted to acting with actual malice." (*Id.* at p. 235.) Similarly here, Reyna did not admit, nor does the record definitively show, that he acted with express or implied malice.

The Attorney General argues that the record of conviction refutes the argument that the prosecution proceeded under a natural and probable consequences or felony murder liability theory (§ 1170.95, subd. (a)(1)) because Reyna was not charged with an underlying crime that would suggest those theories of liability and there was no evidence at the preliminary hearing of such an underlying crime. (See *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166-1168 [no "relief as a matter of law" where the preliminary hearing transcript showed that the only theory was that the defendant was a direct aider and abettor to murder and the record was "devoid" of any underlying crime that would support a natural and probable consequences theory].)

*Rivera* rejected a similar argument. The court in *Rivera* noted that although "a murder conviction after a plea has

just as much 'weight and finality' as one after a trial [citation], this does not mean that the theory underlying each type of conviction can be ascertained with the same degree of certainty." (*Rivera, supra*, 62 Cal.App.5th at p. 236 [declining to follow *Nguyen, supra*, 53 Cal.App.5th at pp. 1166-1167].)  The record of conviction after a plea will "generally lack any comparable assurance [to that of a record after trial] of the basis for the conviction."  (*Rivera*, at p. 237.)  The court in *Rivera* disagreed "that relief under section 1170.95 is precluded *as a matter of law* simply because there is no mention in the preplea record of an underlying offense that could support liability for felony murder or murder under the natural and probable consequences doctrine."  (*Id*. at p. 238.)  Rather, "when a petitioner disputes that the evidence presented at a preplea proceeding demonstrates his or her guilt under a still-valid theory of murder, and '"no readily ascertainable facts"' definitively prove otherwise, a trial court cannot deny a petition at the prima facie stage without resorting to '"factfinding involving the weighing of evidence or the exercise of discretion."'  [Citations.]"  (*Ibid*.)

We agree with *Rivera*.  That the district attorney did not charge Reyna with an underlying offense supporting a felony murder or murder under the natural and probable consequences theory did not preclude it from prosecuting Reyna on those theories if the case proceeded to trial.  (See *Rivera, supra*, 62 Cal.App.5th at p. 238.)  We note that section 1170.95, subdivision (e) contemplates a scenario in which the conviction shall "be redesignated as the target offense or underlying felony for resentencing purposes" if "murder . . . was charged generically" and "the target offense was not charged."  This suggests that there are instances in which a district attorney prosecuted

9

murder on a felony murder or natural or probable consequence theory, but did not charge or prosecute the underlying offense.

On this record, the trial court could not deny the petition without engaging in factfinding and weighing of evidence. Where, as here, a petition is facially sufficient, the court "*shall* issue an order to show cause." (§ 1170.95, subd. (c), italics added.)

## DISPOSITION

The order denying the petition is reversed and remanded with directions to the trial court to issue an order to show cause and conduct further proceedings pursuant to section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


10

Robert C. Vanderet, Judge

Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.