Filed 10/31/23  P. v. Velazquez-Escorza CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　　　v.<br><br>RUBEN VELAZQUEZ-ESCORZA,<br><br>　　Defendant and Appellant. | A167253<br><br>(San Mateo County<br>Super. Ct. No. 21-SF-002300-A) |

Defendant Ruben Velazquez-Escorza appeals after the trial court sentenced him to 14 years in prison pursuant to a negotiated disposition. Velazquez-Escorza's appointed appellate counsel filed a brief asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel advised Velazquez-Escorza of his right to file a supplemental brief; Velazquez-Escorza did not file one.

We find no arguable issues that would require briefing.  We will direct that the abstract of judgment be corrected in certain respects, and we will affirm the judgment.

## I. BACKGROUND

An amended information charged Velazquez-Escorza with oral copulation or sexual penetration with a child who is 10 years of age or

1

younger (Pen. Code,[1] § 288.7, subd. (b); count 1), committing a lewd act upon a child under 14 years of age (§ 288, subd. (a); counts 2, 3, and 4), and continuous sexual abuse of a child (§ 288.5, subd. (a); count 5).

In November 2022, Velazquez-Escorza entered a plea of no contest to the charges in counts 4 and 5, in exchange for a 14-year sentence and dismissal of the remaining charges. The court found a factual basis for the plea, based on the prosecutor's description of statements the confidential victim made to the police about acts by her former stepfather, Velazquez-Escorza.[2] The court dismissed counts 1, 2, and 3.

In December 2022, the court sentenced Velazquez-Escorza to a term of 14 years in prison, consisting of the 12-year middle term on count 5 (§ 288.5, subd. (a)), plus a consecutive term of two years (one-third the middle term) on count 4 (§ 288, subd. (a)). The court noted it was imposing the 14-year term "pursuant to the disposition that was contemplated at the time of the entry of plea."

The court imposed a $300 restitution fine, the minimum statutory amount (§ 1202.4, subd. (b)).[3] Also, for each of the two counts of conviction, the court imposed a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373).

After the court orally announced the fines and assessments, defense counsel asked the court to waive them under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Counsel stated that Velazquez-Escorza "has

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defense counsel, citing *People v. Palmer* (2013) 58 Cal.4th 110, stipulated that a factual basis for the no contest plea existed but referenced no particular facts or document in the record.

[3] The court also assessed a corresponding $300 parole revocation restitution fine; that fine is suspended unless parole is revoked. (§ 1202.45.)

been in custody for over two years. He has no income. Considering that he would be in [prison] for a substantial time, he would not have the ability to pay them."

The court denied the request, stating: "It is the Court's understanding and expectation that [Velazquez-Escorza] will be able to work in the Department of Corrections and Rehabilitation [CDCR], and restitution can and is frequently collected from the wages of inmates who perform work while in custody. So the Court does not find that he lacks the ability to pay, and that request is respectfully denied."

Counsel responded by stating she would appeal on the ability-to-pay issue. Counsel later filed a timely notice of appeal on Velazquez-Escorza's behalf.

## II. DISCUSSION

We have reviewed the record and find no arguable issues that would require briefing. Velazquez-Escorza was represented by counsel and assisted by a Spanish language interpreter. Before accepting Velazquez-Escorza's no contest plea, the court advised him of his constitutional rights and the consequences of his plea, and the court found his decision was knowing and voluntary.

The court sentenced Velazquez-Escorza in accordance with the parties' negotiated disposition. There was no error in the sentence or in the court's calculation of the fines and assessments.

As noted, when the court imposed the minimum restitution fine under section 1202.4 and the assessments under section 1465.8 and Government Code section 70373, defense counsel asked the court to waive these amounts under *Dueñas* on the ground Velazquez-Escorza lacked the ability to pay them. After the court denied the request on the ground Velazquez-Escorza

3

would likely earn income in prison, counsel could have chosen to pursue the matter by asking to present evidence of Velazquez-Escorza's inability to pay. (*People v. Cowan* (2020) 47 Cal.App.5th 32, 50, review granted June 17, 2020, S261952 ["upon proper objection, the court must hold a hearing at which defendant will have an opportunity to bear his burden of proof on the issue of ability to pay"]; *id.* at pp. 48–49.)

But in our view, counsel's decision not to ask for an evidentiary hearing does not give rise under *Wende* to an arguable question of ineffective assistance of counsel that would require briefing in this direct appeal. " ' "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." ' " (*People v. Rices* (2017) 4 Cal.5th 49, 80.) "On direct appeal, if the record ' "sheds no light on why counsel acted or failed to act in the manner challenged," ' we must reject the claim ' "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Caro* (2019) 7 Cal.5th 463, 488.) "[E]xcept in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal." (*People v. Lopez* (2008) 42 Cal.4th 960, 972.)

This is not one of those "rare instances" where a tactical purpose is inconceivable. Here, defense counsel could have had a reasonable basis not to pursue the *Dueñas* issue by requesting an evidentiary hearing after the court stated its view Velazquez-Escorza would likely have the ability to pay the

4

fine and assessments in the future. In her initial request for a waiver of the fines, counsel stated generally that Velazquez-Escorza, who had been in custody, had "no income." We conclude, however, that on the present record in this direct appeal, there is no arguable claim that counsel provided ineffective assistance. Counsel may have known or believed she would not be able to show at an evidentiary hearing that Velazquez-Escorza would be unable to pay the minimum fine and the assessments imposed by the court, all of which together totaled $440.

Although we find no issues requiring briefing, we will direct two corrections to the abstract of judgment. First, in item #1 on the abstract, the "year crime committed" is listed as 2011 for both counts of conviction (counts 4 and 5). For count 4, that is correct; but for count 5, the year should be 2015. The information charged the lewd act in count 4 (§ 288, subd. (a)) occurred between March 15, 2011, and March 14, 2015, while the continuous sexual abuse in count 5 (§ 288.5, subd. (a)) occurred between March 15, 2015, and March 15, 2017. The factual basis established at the plea hearing was tied to these differing date ranges. (See § 288.5, subd. (c) [charges under §§ 288 and 288.5 involving the same victim and brought in the same proceeding generally must involve different time periods].)

Second, also in item #1 on the abstract, there are boxes checked stating that the convictions under sections 288, subdivision (a) and 288.5, subdivision (a) are both serious felonies, but that only section 288, subdivision (a) is a violent felony. Both offenses are serious felonies and violent felonies, as the court noted in advising Velazquez-Escorza of the consequences of his plea. (§§ 1192.7, subd. (c)(6), (35), 667.5, subd. (c)(6), (16).)

5

## III. DISPOSITION

The trial court is directed to modify item #1 on the abstract of judgment to reflect that (1) the "year crime committed" for count 5 is 2015, and (2) both counts 4 and 5 are serious felonies and violent felonies. The trial court shall send the modified abstract of judgment to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.