Filed 7/10/24  P. v. Jacaso CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082985 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN024923) |
| ANTHONY JACASO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David G. Brown, Judge.  Affirmed.

Anthony Jacaso, in pro. per., and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 1996, Anthony Jacaso pled guilty to one count of second degree murder.  (Pen. Code,[1] § 187, subd. (a).)  In 2023, Jacaso filed a petition for resentencing under section 1172.6 on the ground that he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code [sections] 188 and 189 effective January 1, 2019."  The court

_____

1      All further statutory references are to the Penal Code.

appointed counsel for Jacaso, received briefing, and held a hearing. The trial court found that Jacaso had not made a prima facie case for resentencing and denied his petition.

Jacaso appealed. Appellate counsel subsequently filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating he has not been able to identify any potentially meritorious issues for reversal on appeal. We notified Jacaso of his right to file his own brief on appeal, and he has elected to do so.

We have reviewed the issues raised by Jacaso and have independently reviewed relevant portions of the record. We agree with counsel that there are no potentially meritorious arguments for appeal. We therefore affirm.

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo*, and Jacaso has elected to file his own supplemental brief. Although we are "required to evaluate the specific arguments presented in that brief," we are not "compel[led to conduct] an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Jacaso does not raise any potentially meritorious issues in his supplemental brief, in which he claims that (1) his diminished capacity precluded him from knowingly and voluntarily accepting a plea, (2) the evidence was insufficient to show that he killed his son with implied or express malice, and (3) his youth at the time of the offense constituted a mitigating factor. These arguments are outside the scope of this section 1172.6 petition as they cannot support his claim that he "could not presently be convicted of murder . . . *because of changes to Section 188 . . .* made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added.)

2

We nonetheless exercise our discretion to conduct an independent review of the record. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) A generic plea to second degree murder does not establish any particular theory of the crime. (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.) However, the factual basis for such plea may "conclusively establish[ ] as a matter of law that [the defendant] is ineligible for resentencing under section 1172.6." (*People v. Saavedra* (2023) 96 Cal.App.5th 444, 448.) Here, Jacaso through his counsel stipulated to specific facts demonstrating that he was guilty of murder under a still-valid theory as the actual perpetrator of implied malice murder.

During Jacaso's plea colloquy, the trial court asked the parties to provide the factual basis for the plea.[2] Defense counsel summarized the factual basis as follows: "On June 24, 1995, my client shook his son knowing that he shouldn't have shaken his son, and that resulted in his son's death. The son was . . . 23 days old, and . . . my client[ ] was caring for him in the absence of the child's mother." The court interjected: "It can't be because of accident, misfortune, that type of thing. It requires implied [malice]." Defense counsel responded:

> "It was in this case implied malice. The two-part test of implied [malice], I believe, is satisfied in that my client knew that it was wrong for him to shake a baby, and that he acted in conscious disregard for the knowledge that he had that it was wrong. He lost his temper because the baby was crying and not responding well to his care."

The court then asked defense counsel about specific facts supporting Jacaso's implied malice:

---

2     Jacaso separately stipulated to the transcript of the preliminary hearing as the general factual basis for his plea.

"The Court: I read the moving papers from the people. There were three things that seemed to assist the people in showing this implied malice. One was that there was no immediate call to 9-1-1.

"[Counsel]: Correct.

"The Court: Second, there was no immediate, according to the mother, explanation to the mother of distress the child was in. And third, the first rendition of events to the police included a story that was not true: the child had choked. Is that all accurate?

"[Counsel]: All of that is accurate from those facts. I believe a jury could certainly infer and reach the conclusion that there was implied malice."

Defense counsel also agreed that the week before the death of the baby, the child's mother had instructed Jacaso how to "handle the child" and properly support his head and neck.

The court then asked Jacaso, "Sir, how do you plead to a charge of guilty of murder in the second degree, implied malice, death of a human being, namely, your son, by age 23 days. Guilty or not guilty?" Jacaso answered, "Guilty."

"[C]onsistent with defense counsel's broad authority to stipulate to factual and procedural matters on his client's behalf," counsel has authority to stipulate to the factual basis for a plea agreement. (*People v. Palmer* (2013) 58 Cal.4th 110, 118.) Jacaso, through counsel, specifically agreed that the circumstances of his offense demonstrated implied malice, which is still a viable ground for a murder conviction. (§ 188, subd. (a)(2) ["Malice is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart."].) He thus was not convicted "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which

4

malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).)

## DISPOSITION

The order denying Jacaso's petition for resentencing under section 1172.6 is affirmed.

BUCHANAN, J.

WE CONCUR:

DO, Acting P. J.

KELETY, J.

5