Filed 5/22/25  P. v. Huerta CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIAS MENDEZ HUERTA,<br><br>    Defendant and Appellant. | H051736<br>(Santa Clara County<br> Super. Ct. No. C2200130) |

Defendant Elias Mendez Huerta entered a plea of no contest to two counts of sexual penetration by force upon a minor 14 years or older (victim E.P.) and one count of lewd and lascivious conduct upon a minor under the age of 14 (victim E.H.).  The trial court imposed the stipulated aggregate prison term of 19 years.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case, facts and procedural history, but raises no issues.  We notified Huerta of his right to submit a written argument on his own behalf, and he filed two handwritten letters.  In one of his letters, he denied touching E.P., and alleged that she threatened to falsely accuse him of crimes because he would not buy her an expensive computer.  Huerta noted that E.P. also threatened to call the police to protect her family member from Huerta's drinking.  In his second letter, Huerta stated that his daughter, E.H, had recanted the allegations 10 years before this case was filed because they were lies based on an accident.

We carefully reviewed the entire record pursuant to *Wende, supra* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly)* and we determined there are no arguable issues on appeal that would result in a more favorable disposition to Huerta.

We affirm the judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A. *Procedural Background*

In January 2022, the Santa Clara District Attorney's Office charged Huerta in a complaint with two counts of sexual penetration by force (Pen. Code, § 289, subd. (a)(1)(C))[1], one count of lewd and lascivious conduct (§ 288, subd. (a)); two counts of lewd or lascivious act on a child of 14-15 years (§ 288, subd. (c)(1)), and a single count of annoying or molesting a child (§ 647.6, subd (a)(1)).  As to the first three counts, the prosecution alleged Huerta committed the offenses against more than one victim and upon a child under the age of 14, pursuant to section 667.61, subdivision (j)(2).

On October 17, 2022, in exchange for a stipulated sentence of 19 years in state prison, Huerta entered a plea of no contest to two counts of sexual penetration by force and one count of lewd or lascivious conduct, and the prosecution dismissed the remaining charges and the habitual sexual offender allegations, which had exposed Huerta to a life sentence.  A sentencing hearing was set for January 20, 2023.

The defendant then filed a motion to withdraw his plea pursuant to section 1018 on February 23, 2023.  Two of the victims, E.P. and E.H., were represented by counsel. Before Huerta entered his plea, defense counsel was advised by victims' counsel that her clients would testify against Huerta.  Huerta and counsel later learned that the victims were planning to recant their statements.  Huerta's counsel would not have advised Huerta to accept the plea deal if he had known two of the alleged victims were not cooperative.  Huerta submitted two typed letters from E.P. and E.H. indicating that they

_____

[1] Subsequent undesignated statutory references are to the Penal Code.

2

did not wish to be involved in the case. E.P. said that she lied to the police to protect her family member. E.H. reiterated that she had denied anything had happened when she was first contacted about this case. These letters were dated December 29, 2022, two months after the entry of the plea.

The prosecution filed its opposition to the motion to withdraw the plea on July 20, 2023. After hearing testimony and argument, and reviewing the exhibits, the court denied the motion on September 29, 2023, finding that the Huerta failed to meet his burden of showing by clear and convincing evidence that he entered his plea under a mistake of fact that overcame his exercise of free judgment, and set the sentencing hearing.

At the sentencing hearing in January of 2023, the trial court imposed the agreed upon sentence of 19 years in prison, equal to the lower term on Count 3 of three years consecutive (§ 1170.1) to the full middle terms of eight years on Counts 1 and 2, pursuant to section 667.6, subdivision (d) of 16 years.

Huerta timely appealed.

## B. Facts of the Offense

According to the summary of the offenses in the probation officer's presentence report, 15-year-old E.P. had been living with Huerta for approximately two years, along with her two sisters, aged nine and six. On January 3, 2022, when police responded to a domestic violence call, E.P. reported that she had been repeatedly sexually assaulted by Huerta from May of 2020 to January of 2022.

The assaults of E.P. began when she was 14 years old. Initially, Huerta touched E.P.'s thighs and arms. Huerta then moved on to kissing her lips and digitally penetrating her vagina. Huerta touched her vagina under her clothing more than 10 times. E.P.'s sister observed one occasion where Huerta reached under E.P.'s shirt and touched her breast skin to skin. E.P. also told her sister that Huerta had touched her "in her private parts" and "everywhere."

3

In 2014, Huerta's 14-year-old daughter, E.H., reported to a social worker and law enforcement that four to five years previously, she found Huerta asleep on her bed with her younger sister. When she woke him up, he intentionally reached out with his right hand and touched her vagina on the outside of her clothes and slid it in an upward motion and giggled. This case was closed due to a lack of cooperation by E.H. and re-opened when the other incidents involving E.P. were disclosed in 2022.

## II. DISCUSSION

Huerta argues in his letter brief that he is innocent and was the subject of false accusations. This is not a cognizable claim on appeal. Pursuant to *People v. Palmer* (2013) 58 Cal.4th 110, 114 and section 1237.5, a reviewing court will not on direct appeal consider issues related to guilt or innocence when the defendant has entered a no contest plea.

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal, and we conclude appellate counsel has fully complied with her responsibilities. (*Wende*, at p. 441.)

## III. DISPOSITION

The judgment is affirmed.

4

 

 

 

 

 
_____
RODRIGUEZ, J.*

 

 

WE CONCUR:

 

 

 

_____
GREENWOOD, P. J.

 

 

 

_____
DANNER, J.

 

 

*People v. Huerta*
H051736

 

 

 

_____

\* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.