Filed 2/27/26  P. v. Stewart CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C102503 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CR1776) |
| v. | |
| STEELE STEWART, | |
| Defendant and Appellant. | |

Defendant Steele Stewart pled guilty to manslaughter and attempted murder, and his counsel admitted certain aggravating factors were present.  Stewart claims that the trial court erred by aggravating his sentence based on underlying facts that were not properly proven under Penal Code section 1170, subdivision (b).[1]  Alternatively, Stewart claims the trial court improperly relied on facts used to impose enhancements to aggravate his sentence.  The People contend the parties' stipulation to the "presen[ce]" of

---

[1]     Undesignated statutory references are to the Penal Code.

1

aggravating factors is sufficient to satisfy the requirements of section 1170. We disagree with the People and conclude the trial court erred in using aggravating factors that were neither found true beyond a reasonable doubt by a trier of fact nor admitted by Stewart. We will vacate the sentence and remand the matter for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2022, Stewart showed up to a party and attempted to start several fights. The party host asked Stewart to leave but Stewart brandished a knife and threatened partygoers. Minutes later he stabbed two victims. One victim died and the other survived after receiving medical treatment. Stewart admitted to police that he stabbed and hurt two people.

The People charged Stewart with voluntary manslaughter (§ 192, subd. (a)) and attempted murder (§§ 187, subd. (a), 664). They also alleged Stewart used a deadly weapon in the commission of both counts (§ 12022, subd. (b)(1)) and alleged a great bodily injury enhancement as to the attempted murder count (§ 12022.7, subd. (a)). It was further alleged Stewart was a minor 16 years of age or older when he committed the offenses. (Welf. & Inst. Code, § 707, subd. (a).) The charging document did not allege any circumstances in aggravation under California Rules of Court, rule 4.421.

At a preliminary hearing, defense counsel informed the trial court Stewart agreed to enter "a plea of guilty to count one, voluntary manslaughter. He would be admitting the special allegation, use of a deadly weapon.· He'd enter a plea to count two, the attempted second degree murder, admitting the special allegation of the use of a deadly weapon and great bodily injury. [¶] The statutory maximum is 15 years, 8 months. This is an open plea.· There is an agreement, stipulation to aggravating factors under the California Rules of Court 4.421, and the stipulation is that (a)(1), (2), and (3), as well as

(b)(1) are present."[2]  Counsel clarified the People extended a different offer with a stipulated sentence of 14 years eight months but Stewart elected to choose "the open offer of a maximum of 15 years, 8 months."

During the plea, the trial court referenced a plea form that Stewart had completed. Section No. 1 of the plea form includes a space for the charges, prior convictions, enhancements, allegations, and circumstances in aggravation to be listed.  Of note, no circumstances in aggravation were listed on the plea form that Steward completed.

After Stewart entered his pleas, the prosecutor said, "As part of this plea and sentencing, it is agreed that aggravating factors under California Rule of Court 4.421 are present in this case, can be argued at sentencing, and that is 4.421(a)(1), (2), and (3), as well as (b)(1)."  The trial court confirmed that "[t]hose rules of court will be part of the record so that probation knows what's being relied upon in the aggravating factors in the stipulation in that regard."

At the sentencing hearing, defense counsel acknowledged that "there was a stipulation to those [aggravating] circumstances being present," but argued that the aggravating circumstances relating to great bodily injury, use of a deadly weapon, and engaging in violent conduct should not be used to aggravate Stewart's sentence because they were part of the counts and allegations that he pled to as part of the plea agreement. Counsel argued in mitigation that Stewart had no prior criminal record, was a juvenile, and under the age of 26 at the time he committed the underlying offenses.  As such, counsel asserted "the circumstances in mitigation and the circumstances in aggravation weigh equally for my client and that the appropriate term would be the mid term for the base term."

---

[2]     Undesignated rule references are to the California Rules of Court.

3

The trial court acknowledged, "there were some stipulations" by the parties regarding the aggravating circumstances and "in that regard that there were some present." In aggravation the court expressly found that the crime involved great violence, great bodily harm, or a high degree of cruelty, viciousness, or callousness (rule 4.421(a)(1)); the victim was particularly vulnerable (rule 4.421(a)(3)); and Stewart engaged in violent conduct that indicated a serious danger to society (rule 4.421(b)(1)).

The court sentenced Stewart to an aggregate prison term of 15 years eight months consisting of the upper term of 11 years for voluntary manslaughter plus one year for the weapon enhancement and two years four months for attempted murder (one-third the midterm) plus four months for the weapon enhancement and one year for the great bodily injury enhancement.

Stewart timely appealed but did not obtain a certificate of probable cause.

## DISCUSSION

Stewart claims the trial court erred when it aggravated his sentence based on factors that had not been proven beyond a reasonable doubt by a trier of fact or admitted by Stewart, as required under section 1170, subdivision (b)(2) and by the Sixth Amendment.

## I

### Forfeiture

As an initial matter, we agree with Stewart that the issue before us is not forfeited. Stewart's claim is that the upper term sentence was unauthorized because the People failed to establish the existence of aggravating factors in a manner required by the Sixth Amendment. The People contend that Stewart has forfeited this claim because he failed to raise it in the trial court and defense counsel invited the error by admitting to the presence of aggravating factors and failing to object when the trial court did not conduct a trial on the aggravating factors. "Ordinarily, an appellate court will not consider a claim of error if an objection could have been, but was not, made in the lower court."

4

(*People v. French* (2008) 43 Cal. 4th 36, 46.) However, our Supreme Court has recognized that a defendant's failure to object " 'would not preclude his [or her] asserting on appeal that he [or she] was denied his constitutional right to a jury trial,' " as Stewart does here. (*Ibid*.). We also do not interpret Stewart's failure to object as inviting error, thus, we find the issue is not forfeited.

II

Circumstances in Aggravation

A. Section 1170 and *Lynch*

Section 1170, subdivision (b)(1) through (3), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.), provides the court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term." (§ 1170, subd. (b)(2).) As amended, section 1170, subdivision (b) "alter[ed] the trial court's sentencing discretion" and "creat[ed] a presumption against the upper term, which may be overcome only if the required facts are properly proven and the [trial] court concludes the term is justified." (*People v. Lynch* (2024) 16 Cal.5th 730, 773 (*Lynch*).) Unless a defendant stipulates to the facts, or waives his or her jury trial right, "that [aggravating] factfinding role now resides solely with the jury." (*Id*. at p. 760.) The trial court may also consider the defendant's prior convictions in determining sentencing based on a certified record of conviction. (§ 1170, subd. (b)(3).)

In *Lynch*, our Supreme Court held that under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch, supra*, 16 Cal.5th at p. 768.) *Lynch* further held that such a violation "is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were

5

otherwise proved true in compliance with the current statutory requirements." (*Ibid.*) Accordingly, a defendant is entitled to reversal and remand unless "we can conclude that the omission of a jury trial was harmless beyond a reasonable doubt as to *every* aggravating fact the trial court used to justify an upper term sentence." (*Id.* at p. 775.)

B. Stewart did not stipulate to aggravating factors.

In sentencing Stewart to the upper term, the trial court found (1) that the crimes involved great violence and great bodily harm and a high degree of cruelty, viciousness, or callousness; (2) that the victim was particularly vulnerable; and (3) that Stewart engaged in violent conduct that indicated a serious danger to society.

The People claim the parties' stipulation that certain aggravating factors were "present," demonstrates a mutual intention of the parties that Stewart admitted to the facts underlying those aggravating factors. Citing *People v. Palmer* (2013) 58 Cal.4th 110, pages 117 to 118, the People argue that the parties' stipulation is sufficient to obviate any need for evidentiary proof of the aggravating circumstances. *Palmer* is distinguishable. In *Palmer*, the defendant entered into a negotiated disposition and at the plea hearing, "[d]efense counsel then stipulated to the existence of a factual basis for [the] defendant's plea without referring to any document to support the stipulation." (*Id.* at p. 113.) On appeal, the defendant claimed the trial court failed to establish a sufficient factual basis for his plea under section 1192.5. (*Palmer*, at p. 113.)

Section 1192.5, subdivision (c) requires the trial court in approving a plea of guilty or nolo contendere, "also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." The *Palmer* court held "the trial court may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record," if "the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or

her counsel and is satisfied with counsel's advice." (*People v. Palmer, supra*, 58 Cal.4th at p. 118.)

Here, Stewart did not stipulate to the underlying facts of the aggravating factors present in the case and we do not interpret defense counsel's agreement that certain aggravating factors "are present" as a stipulation by Stewart. Nor did the trial court hold a trial on the aggravating factors. Rather the court made independent findings on the aggravating circumstances present in the case and aggravated Stewart's sentence on the basis of those findings contrary to the plain language of section 1170. As such, a Sixth Amendment violation occurred. (*Lynch, supra*, 16 Cal.5th at p. 768.)

### III

### Prejudice

A violation of section 1170 is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* standard of review, the defendant is entitled to a remand for resentencing." (*Lynch, supra*, 16 Cal.5th at p. 768 citing *Chapman v. California* (1967) 386 U.S. 18.)

The California Supreme Court has cautioned that, " ' "[t]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." [Citation.] . . . "Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts." ' " (*Lynch, supra*, 16 Cal.5th at pp. 775-776.)

"Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating

fact at issue." (*People v. Wiley* (2025)17 Cal.5th 1069, 1087; see *Lynch, supra*, 16 Cal.5th at p. 768.) Here, like in *Lynch*, the trial court failed to hold a jury trial on the following aggravating factors: (1) the crimes involved great violence, great bodily harm, or a high degree of cruelty, viciousness, or callousness; (2) the victim was particularly vulnerable; and (3) Stewart posed a serious danger to society. (See *Lynch*, at p. 768.)

It may have been that, based on the underlying facts of the crimes, a jury would have found true that Stewart posed a danger to society. However, it is also possible that a jury could have found that Stewart did not pose a serious danger to society. (See *Lynch, supra*, 16 Cal.5th at p. 768.) At the sentencing hearing, defense counsel contested the facts supporting the aggravating factors. Stewart argued that he was a minor when he committed the crimes, had no prior criminal record, expressed "extreme remorse," and was very intoxicated at the time of the incident. Stewart also provided evidence that he had already participated in counseling and numerous courses prior to sentencing. We cannot say beyond a reasonable doubt that a jury would have found that Stewart posed a serious danger to society.

Because we cannot find the omission of a jury trial harmless beyond a reasonable doubt as to *every* aggravating fact relied upon by the trial court to impose an upper term, we must reverse Stewart's sentence. As a result, we need not address Stewart's second contention that the trial court improperly relied on facts used to impose enhancements to aggravate his sentence.

DISPOSITION

We vacate the sentence and remand the matter for a full resentencing in accordance with section 1170, subdivision (b), *Lynch*, and any other applicable ameliorative legislation.  In all other respects, the judgment is affirmed.


_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
HULL, J.


_____/s/_____
FEINBERG, J.

9